## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X

| | : | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **CHECKOUT HOLDING CORP.,** *et al.*, | : | **Case No. 18-[_____] (___)** |
| | : | |
| Debtors.[1] | : | **Joint Administration Requested** |
| | : | |

-------------------------------------------------------- X

## MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 362 FOR ENTRY OF INTERIM AND FINAL ORDERS ESTABLISHING NOTIFICATION PROVISIONS AND APPROVING RESTRICTIONS ON (A) CERTAIN TRANSFERS OF INTERESTS IN DEBTORS AND (B) CLAIMS OF CERTAIN WORTHLESS STOCK DEDUCTIONS

Checkout Holding Corp. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1.     On the date hereof (the "**Petition Date**"), the Debtors each commenced with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278).  The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

2.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

3.     Before the Petition Date, the Debtors, with the support of their secured lenders, began the solicitation of votes on their *Joint Prepackaged Chapter 11 Plan of Checkout Holding Corp. and Its Affiliated Debtors* (the "**Prepackaged Plan**"), through their *Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Checkout Holding Corp. and Its Affiliated Debtors* pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.  The Debtors expect that the Prepackaged Plan will be accepted by all classes entitled to vote in excess of the statutory thresholds specified in section 1126(c) of the Bankruptcy Code.   Consistent with their obligations under that certain *Restructuring Support Agreement*, dated as of December 11, 2018 (as amended from time to time and including all exhibits thereto, the "**RSA**"), the Debtors are seeking to emerge from chapter 11 on an expedited timeframe.

4.     Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Del Genio* (the "**Del Genio Declaration**"), which has been filed with this Court contemporaneously with the Motion.

### Jurisdiction

5.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013−1(f), the Debtors consent to the entry of

a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

6.      Pursuant to sections 105(a) and 362 of the Bankruptcy Code, the Debtors request entry of interim and final orders authorizing the Debtors to establish procedures (the "**Procedures**") to protect the potential value of the Debtors' consolidated net operating loss carryforwards ("**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use during the pendency of the chapter 11 cases and connection with the reorganization of the Debtors.  The Procedures apply to (a) common stock of PDM Group Holdings Corporation (the "**Common Stock**") and any options or similar rights (within the meaning of applicable Treasury Regulations (as defined herein)) to acquire such stock (the "**Options**") and (b) any claim (for income tax reporting purposes) of a worthless stock deduction under section 165(g) of Title 26 of the United States Code (the "**Tax Code**") with respect to Common Stock (a "**Worthless Stock Deduction**").  The Debtors request that the Court enter the Proposed Orders (as defined herein) granting the relief requested herein effective *nunc pro tunc* to the date hereof.

7.      A proposed form of order granting the relief requested herein on an interim basis is annexed hereto as **<u>Exhibit A</u>** (the "**Proposed Interim Order**").  A proposed form of order granting the relief requested herein on a final basis is annexed hereto as **<u>Exhibit B</u>** (the "**Proposed Final Order**" and, together with the Proposed Interim Order, the "**Proposed Orders**").

## The Debtor's Tax Attributes

8.     The Debtors possess certain Tax Attributes, including estimated NOLs of approximately $145,000,000.  The Tax Attributes are valuable assets of the Debtors' estates.

9.     The Tax Code generally permits a corporation to carry forward its NOLs and disallowed business interest to reduce future taxable income, thereby reducing, along with available tax credits, such corporation's tax liability in future periods.  *See* 26 U.S.C. §§ 172 and 163(j).  Accordingly, absent any intervening limitations, the Tax Attributes could substantially reduce the Debtors' U.S. federal income tax liability for current and future periods, including during the pendency of these chapter 11 cases and in connection with the implementation of the Prepackaged Plan.  The Tax Attributes are available to reduce the Debtors' federal income tax liability through the taxable year that includes the effective date of a chapter 11 plan and potentially thereafter, depending on the consequences of the restructuring.  The Tax Attributes, therefore, could translate into future tax savings over time, and any such savings could enhance the Debtors' cash position for the benefit of all parties in interest and contribute to the Debtors' efforts toward a successful reorganization.

10.     The Debtors' ability to utilize the Tax Attributes to reduce future tax liability is subject to certain potential statutory limitations.  Sections 382 and 383 of the Tax Code limit a corporation's ability to utilize its NOLs, tax credits, and certain other tax benefits to offset future income once that corporation has undergone an "ownership change" within the meaning of section 382 of the Tax Code (an "**Ownership Change**").  Pursuant to section 382 of the Tax Code, an Ownership Change generally occurs when the percentage of a corporation's equity held by one or more of its "5-percent shareholders" (each, as that term is used in section 382 of the Tax Code, a "**5-Percent Shareholder**") increases by more than fifty (50) percentage

points above the lowest percentage of the corporation's equity owned by such shareholder(s) at any time during the relevant testing period (usually three years).  *See id.* § 382(g).

11.     Further, section 382(g)(4)(D) of the Tax Code generally provides that if (a) a 50-percent shareholder (which, for this purpose, includes a shareholder who owned at least fifty percent (50%) of the stock at any time during the applicable three-year period) in a corporation claims a worthless stock deduction during any taxable year and (b) the stock with respect to which such worthless stock deduction is taken is held by the shareholder at the end of such taxable year, then the shareholder is treated as having acquired such stock on the first day of the shareholder's next taxable year and is treated as never having owned such stock during any prior year for purposes of testing whether an Ownership Change has occurred.  In the case of the Debtors, an Ownership Change could occur as a result of the largest holder of Common Stock claiming a Worthless Stock Deduction with respect to such stock.

12.     The Debtors do not believe that Checkout Holding Corp. has undergone an Ownership Change prior to the Petition Date.   Accordingly, the Debtors believe that they continue to have significant Tax Attributes that would be adversely affected by the occurrence of an Ownership Change during the pendency of these chapter 11 cases.   If such an Ownership Change were to occur, the availability and value of such Tax Attributes would be adversely impacted.   Therefore, it is in the best interests of the Debtors and their stakeholders to restrict both the trading of Common Stock and any claim of a Worthless Stock Deduction that could result in an Ownership Change occurring *before* the effective date of a chapter 11 plan or any applicable bankruptcy court order.   Such a restriction would protect the Debtors' ability to use the Tax Attributes during the pendency of these chapter 11 cases or, potentially, in the event of a

future transaction, to offset gain or other income recognized in connection with the Debtors' sale

or ownership of their assets, which may be significant in amount.

## The Proposed Procedures Relating to Common Stock

13.     By establishing the Procedures for monitoring the transfer of, and the

claiming of a worthless stock deduction by any Majority Stockholder with respect to, Common

Stock, the Debtors can preserve their ability to seek the necessary relief if it appears that any

such transfer(s) may jeopardize the Debtors' ability to utilize their Tax Attributes.  Therefore, the

Debtors propose the following Procedures:[2]

(a)     Definitions.  For purposes of these Procedures, the following terms
have the following meanings:

(i)     "**Beneficial ownership**" of Common Stock and Options to
acquire Common Stock shall be determined in accordance with section 382 of the Tax Code, the
regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the
"**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and
shall include, without limitation, (A) direct and indirect ownership, determined without regard to
any rule that treats stock of an entity as to which the constructive ownership rules apply as no
longer owned by that entity (e.g., a holding company would be considered to beneficially own all
stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members, (C)
ownership by any group of persons acting pursuant to a formal or informal understanding among
themselves to make a coordinated acquisition of stock, and (D) to the extent set forth in Treasury
Regulations section 1.382-4, the ownership of an Option to acquire Common Stock.

(ii)     "**Berkshire Stockholders**" shall mean each of Berkshire
Fund VIII, L.P., Berkshire Fund VIII-A, L.P., Berkshire Investors III LLC, and Berkshire
Investors IV LLC.

(iii)     "**Majority Stockholder**" shall mean (A) any person that
beneficially owns at least 409,736,340 shares of Common Stock (representing approximately
47.5% of all issued and outstanding shares of Common Stock) or (B) any person that would be a
"50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of
Common Stock if such person claimed a Worthless Stock Deduction at any time on or after the
Petition Date, which for the avoidance of doubt, shall include the Berkshire Stockholders.

(iv)     "**Substantial Stockholder**" shall mean any "entity" (as
such term is defined in Treasury Regulations section 1.382-3(a), an "**Entity**") or person that

---

[2] The Procedures delineated herein summarize the relevant portion of **Exhibit 1** to the Proposed Orders, which sets
forth the Procedures.

beneficially owns at least 40,973,634 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock).

(b)    Notice of Substantial Ownership.    Any person or Entity that beneficially owns, at any time on or after the Petition Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve upon (i) the Debtors, 200 Carillon Parkway, St. Petersburg, FL 33716 (Attn:  Shelly Schaffer and David Glogoff, Esq.); (ii) proposed counsel for the Debtors, (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Gary T. Holtzer, Esq.; Ronit J. Berkovich, Esq.; Jessica Liou, Esq.; and Kevin Bostel, Esq.) and (y) Richards, Layton & Finger, P.A, 920 North King Street, Wilmington, Delaware  19801 (Attn: Mark D. Collins, Esq. and Jason Madron, Esq.); (iii) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); (iv) counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**"); and (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Brian S. Hermann, Esq. and Robert A. Britton, Esq.), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801 (Attn: Pauline K. Morgan, Esq.), as counsel to the DIP Lenders and that ad hoc group of holders of term loans under the Second Lien Term Loan (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder. At the election of the Substantial Stockholder, the Substantial Stockholder Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(c)    Acquisition of Common Stock.    At least twenty (20) business days prior to the proposed date of any transfer of Common Stock or exercise of any Option to acquire Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person or Entity (a "**Proposed Transferee**") shall file with this Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction. At the election of the Substantial Stockholder, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(d)    Disposition of Common Stock.    At least twenty (20) business days prior to the proposed date of any transfer or other disposition of Common Stock that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial

7

Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Stockholder (a "**Proposed Transferor**") shall file with this Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Substantial Stockholder, the Trading Notice to be filed with this Court (but not the Trading Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(e)    Notice of Status as a Majority Stockholder.  Any person that currently is or becomes a Majority Stockholder shall file with this Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Stockholder Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 5**, which describes specifically and in detail such person's ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person qualifies as a Majority Stockholder.  At the election of the Majority Stockholder, the Majority Stockholder Notice to be filed with this Court (but not the Majority Stockholder Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

(f)    Notice of Intent to Claim a Worthless Stock Deduction.  At least twenty (20) business days before a Majority Stockholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending before the effective date of a plan of reorganization (the "**Plan**"), such Majority Stockholder shall file with this Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 6**.  At the election of the Majority Stockholder, the Worthless Stock Deduction Notice to be filed with this Court (but not the Worthless Stock Deduction Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

(g)    Objection Procedures.  The Debtors and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with this Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, or a Majority Stockholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice.  If the Debtors or any Creditors' Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of this Court.  If neither the Debtors nor any Creditors' Committee file an Objection by the Objection Deadline or if the Debtors and any and all Creditors' Committees provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Stockholder, as applicable, approving the Proposed Transaction or the Worthless Stock

8

Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

(h) <u>Debtors' Right to Waive</u>. The Debtors may, in their sole discretion, waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.

## The Relief Requested Should Be Granted

**I.** **The Automatic Stay Bars Any Equity Transfer that Would Diminish or Limit the Debtors' Interests in the Tax Attributes**

14. In furtherance of the automatic stay provisions of section 362 of the Bankruptcy Code and pursuant to section 105 of the Bankruptcy Code, the Debtors seek authority to monitor and approve (or disapprove) certain changes in the ownership of, and certain worthless stock deduction claims with respect to, Common Stock to protect against the occurrence of an Ownership Change during the pendency of these chapter 11 cases, and thereby to preserve the potential value of the Tax Attributes.

15. Section 362 of the Bankruptcy Code enjoins all entities from, among other things, taking any action to obtain possession of property of or from the estate or to exercise control over property of the estate.  Section 541 of the Bankruptcy Code defines "property of the estate" to include all legal or equitable interests of a debtor in property as of the commencement date of a chapter 11 case, including tax benefits.

16. The Tax Attributes are valuable property of the Debtors' estates and thus are protected, by operation of the automatic stay, from actions that would adversely diminish their value, including transfers that would effect an Ownership Change.  It is well established that a debtor's NOLs are property of the debtor's estate protected by the automatic stay.  *See Official Comm. of Unsecured Creditors v. PSS S.S. Co. (In re Prudential Lines Inc.)*, 928 F.2d

565, 574 (2d Cir. 1991) ("[W]here a non-debtor's action with respect to an interest that is intertwined with that of a bankrupt debtor would have the legal effect of diminishing or eliminating property of the bankrupt estate, such action is barred by the automatic stay."); *Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them."); *In re Grossman's Inc.*, No. 97-695 (PJW), 1997 WL 33446314 (Bankr. D. Del. Oct. 9, 1997).  The United States Court of Appeals for the Second Circuit, in its seminal decision, *In re Prudential Lines Inc.*, affirmed the application of the automatic stay to a debtor's tax benefits and upheld a permanent injunction prohibiting a parent corporation from taking a worthless stock deduction that would have adversely affected the ability of the parent corporation's subsidiary to utilize its NOLs under the special relief provisions of section 382 of the Tax Code.  *See* 928 F.2d at 573.  As the Second Circuit stated:

> Including NOL carryforwards as property of a corporate debtor's estate is consistent with Congress' intention to "bring anything of value that the debtors have into the estate."  Moreover, . . . [i]ncluding the right to a NOL carryforward as property of [a debtor's] bankruptcy estate furthers the purpose of facilitating the reorganization of [the debtor].

*Id*. (quoting H.R. Rep. No. 95-595, at 176 (1978)) (citations omitted); *see also In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir. 2006) ("Property of the estate 'includes all interests, such as . . . contingent interests and future interests, whether or not transferable by the debtor.'" (quoting *Prudential Lines*, 928 F.2d at 572) (alteration in original)); *Gibson v. United States (In re Russell)*, 927 F.2d 413, 417 (8th Cir. 1991) (concluding that the "right to carry forward the [debtor's] NOLs" was a "property interest" of the estate).

17.    In *Prudential Lines*, the Second Circuit determined that if the parent corporation were permitted to take a worthless stock deduction, its subsidiary's ability to carry forward its NOLs would be adversely impacted.  The Second Circuit concluded that "despite the fact that the [parent corporation's] action [was] not directed specifically at [the debtor subsidiary], it [nonetheless was] barred by the automatic stay as an attempt to exercise control over property of the estate." *Prudential Lines*, 928 F.2d at 573–574.

18.    In addition to finding that a debtor's NOLs are protected by the automatic stay, the Second Circuit also held that, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, a bankruptcy court may issue a permanent injunction to protect such NOLs.  *Id.* at 574.

19.    In *In re Phar-Mor, Inc.*, 152 B.R. 924 (Bankr. N.D. Ohio 1993), the bankruptcy court applied similar reasoning and granted the debtors' motion to prohibit transfers of their stock that could have had an adverse effect on their ability to utilize their NOLs, even though the debtors' stockholders had not stated any intent to sell their stock and the debtors had not shown that a sale that would trigger an Ownership Change was pending.  *See id.* at 927.  Despite the "ethereal" nature of the situation, the court observed that "[w]hat is certain is that the *NOL has a potential value, as yet undetermined*, which will be of benefit to creditors and will assist debtors in their reorganization process.  This asset is entitled to protection while [the d]ebtors move forward toward reorganization." *Id.* (emphasis added).

20.    The bankruptcy court in *Phar-Mor* also concluded that, because the debtors were seeking to enforce the automatic stay, they did not have to meet the more stringent requirements for preliminary injunctive relief:

> The requirements for enforcing an automatic stay under 11 U.S.C. § 362(a)(3) do not involve such factors as lack of an adequate

   remedy at law, or irreparable injury, or loss and a likelihood of
   success on the merits.  The key elements for a stay . . . are the
   existence of property of the estate and the enjoining of all efforts
   by others to obtain possession or control of property of the estate.

*Id.* at 926 (quoting *In re Golden Distribs., Inc.*, 122 B.R. 15, 19 (Bankr. S.D.N.Y. 1990)).

   21. Restrictions on equity trading and/or worthless stock deduction claims to

protect a debtor against the possible loss of valuable tax attributes are regularly approved by this

and other courts. *See, e.g.*, *In re Metrocall, Inc.*, No. 02-11579 (D.I. 290) (Bankr. D. Del. July 8,

2002) (approving procedures by which the debtor would provide five business days' notice to

object to proposed transfers of stock that would result in a transferee's holding 5 percent or more

of the debtor's stock or a reduction in the ownership interest of an existing 5-percent

shareholder); *In re Reliance Acceptance Grp. Inc.*, No. 98-288 (PJW) (D.I. 270) (Bankr. D. Del.

Apr. 28, 1998) (providing debtor with thirty-days' notice to object to proposed transfers that

would result in a transferee holding five percent or more of debtor's common stock); *In re*

*Aéropostale, Inc.*, No. 16-11275 (SHL) (D.I. 240) (Bankr. S.D.N.Y. June 3, 2016) (approving

notification procedures and restrictions on certain transfers of equity interests in the debtors); *In*

*re SunEdison, Inc.*, No. 16-1992 (SMB) (D.I. 253) (Bankr. S.D.N.Y. May 12, 2016) (same); *In*

*re The Great Atl. & Pac. Tea Co.*, No. 15-23007 (RDD) (D.I. 501) (Bankr. S.D.N.Y. Aug. 11,

2015) (approving notification procedures and restrictions on certain transfers of equity interests

in and Claims against the debtors); *In re AMR Corp.*, No. 11-15463 (SHL) (D.I. 890) (Bankr.

S.D.N.Y. Jan. 27, 2012) (same); *In re NewPage Corp.*, No. 11-12804 (KG) (D.I. 307) (Bankr. D.

Del. October 4, 2011) (approving notification procedures and restrictions on certain transfers of

Claims against and equity interests in the debtors and certain worthless stock deduction claims

with respect to equity interests in the debtors);  *In re Portola Packaging, Inc.*, No. 08-12001

(CSS) (D.I. 130) (Bankr. D. Del. Sept. 19, 2008) (approving notification procedures and

restrictions on certain transfers of, and worthless stock deduction with respect to, equity interests

in the debtors); *In re Delta Air Lines, Inc.*, No. 05-17923 (PCB) [ECF No. 1640] (Bankr.

S.D.N.Y. Dec. 20, 2005) (approving notification procedures and restrictions on certain transfers

of equity interests in the debtors); *In re Nw. Airlines Corp.*, No. 05-17930 (ALG) (D.I. 836)

(Bankr. S.D.N.Y. Oct. 28, 2005) (same).

22.     As the foregoing demonstrates, it is well settled that, pursuant to section

362(a)(3) of the Bankruptcy Code, the automatic stay enjoins actions that would adversely affect

a debtor's ability to utilize its NOLs and other tax benefits.

## II.    The Procedures Are Necessary and in the Best Interests of the Debtors, Their Estates, and Their Creditors

23.     The Procedures are necessary to preserve the Debtors' ability to utilize

their Tax Attributes.  The Debtors' ability to preserve their Tax Attributes may be jeopardized

unless certain procedures are established immediately and *nunc pro tunc* to the Petition Date to

ensure that trading in Common Stock, and claiming certain worthless stock deductions with

respect to equity interests in the Debtors, are either precluded or closely monitored and made

subject to Court approval.

24.     Depending on the Debtors' tax profile during the pendency of these

chapter 11 cases, future earnings, and the consequences of a restructuring, the Debtors' ability to

utilize the Tax Attributes may enhance the Debtors' prospects for a successful emergence from

chapter 11.  The relief requested herein is narrowly tailored to permit certain stock trading to

continue, subject to Bankruptcy Rule 3001(e) and applicable securities, corporate, and other

laws.

25.     The Debtors respectfully submit that the Procedures must be implemented

as soon as possible.  Even if a transfer or Worthless Stock Deduction claim were to be null and

void under section 362 of the Bankruptcy Code or as a result of a final order of the Court that prohibited such a transfer retroactively to the Petition Date, under federal income tax law, such transfer nevertheless may be regarded as having occurred for tax purposes, in which event the Debtors' estates could suffer an irrevocable loss of value. Accordingly, if a transfer occurs that limits the Debtors' ability to utilize their Tax Attributes under section 382 of the Tax Code, the Debtors' ability to realize the value of their Tax Attributes may be permanently diminished. The relief requested, therefore, is crucial to prevent an irrevocable diminution of the value of the Debtors' estates.

26.     It is in the best interests of the Debtors and their stakeholders to restrict stock trading that could result in an Ownership Change *before* the effective date of the Prepackaged Plan or any applicable bankruptcy court order. This restriction would permit the Debtors' to utilize the Tax Attributes, if necessary, to offset gain or other income recognized in connection with the Debtors' ownership of their assets and operation of their business. If such an Ownership Change were to occur, however, the valuation for determining the annual amount of usable Tax Attributes is expected to adversely diminish.

## Reservation of Rights

27.     Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) an agreement or obligation to pay any claims, (iii) an admission as to the validity of any liens satisfied pursuant to this Motion, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if this Court grants the relief sought herein, any payment made pursuant to this Court's order is not intended to be and should not be construed as an

admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

### Bankruptcy Rule 6003 Does Not Apply to the Relief Requested Herein

28.    Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one (21) days after filing of the petition.  Fed. R. Bankr. P. 6003(b).  The Debtors *respectfully* submit that Bankruptcy Rule 6003 does not apply to the relief requested herein because the Debtors are not, by this Motion, seeking to use, sell, or lease property of their estates.  *See* Fed. Bankr. R. P. 6003 Advisory Comm.'s note to 2011 amend. ("[T]he rule does not prohibit the court from entering orders in the first 21 days of the case that ***may relate*** to the motions and applications set out in (a), (b), and (c) [of Bankruptcy Rule 6003]; it is only prohibited from granting the relief requested by those motions or applications" (emphasis added)).  Notwithstanding the foregoing, even if the Court were to find that Bankruptcy Rule 6003 applied to this Motion, the relief requested herein satisfies the "immediate and irreparable harm" standard.

29.    As discussed herein, the NOLs are a valuable asset of the Debtors' estates. In addition, once an NOL is limited under section 382 of the Tax Code, its use is limited forever. Absent granting the relief requested herein on an interim basis, at the outset of these chapter 11 cases, the Debtors may be irreparably harmed by any equity trading that occurs prior to the Court's entry of an order granting this Motion on a final basis.  By this Motion, the Debtors seek to implement Procedures that would protect against such irreparable harm.  Accordingly, to the

extent that Bankruptcy Rule 6003 applies to the relief requested herein, it does not require the Court to wait twenty-one (21) days before entering the Proposed Interim Order.

**Notice**

30.     Notice of this Motion shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the five (5) largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg, Esq. and Michael J. Cohen, Esq.) and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, Wilmington, DE 19801 (Attn: Laura Davis Jones, Esq.), as counsel to the DIP lenders and the ad hoc group of lenders under the First Lien Credit Agreement; (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Brian S. Hermann, Esq. and Robert A. Britton, Esq.) and Young Conaway Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801 (Attn.: Pauline K. Morgan, Esq.), as counsel to an ad hoc group of certain holders of term loans under the Second Lien Term Loan, dated as of April 9, 2014; (vi) Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, NY 10017 (Attn: Brian M. Resnick, Esq.) and Landis Rath & Cobb LLP, 919 Market Street, Wilmington, DE 19801 (Attn: Adam Landis, Esq. and Kerri Mumford, Esq.), as counsel to JPMorgan Chase Bank, N.A., as administrative agent under the First Lien Credit Agreement; (vii) Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007 (Attn: Andrew N. Goldman, Esq.), as counsel to Wilmington Savings Fund Society, FSB, as administrative agent under the Second Lien Credit Agreement; (viii) Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022 (Attn: My Chi To, Esq.), as counsel to an ad hoc group of holders of the HoldCo PIK Toggle Notes of PDM Intermediate Holdings B

Corporation; (ix) the Internal Revenue Service; (x) the United States Attorney's Office for the District of Delaware; (xi) the Banks; and (xii) any other party entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**").  As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect of the Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

31.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully request entry of the Proposed Interim Order and, following the Final Hearing (if one is required), the Proposed Final Order, in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested herein and such other and further relief as this Court may deem just and appropriate.

Dated: December 12, 2018
      Wilmington, Delaware

*/s/ Jason M. Madron*
Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Gary T. Holtzer (*pro hac vice* admission pending)
Ronit J. Berkovich (*pro hac vice* admission pending)
Jessica Liou (*pro hac vice* admission pending)
Kevin Bostel (*pro hac vice* admission pending)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit A

## Proposed Interim Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ X
                                          :
In re                                     :        Chapter 11
                                          :
CHECKOUT HOLDING CORP., et al.,           :        Case No. 18-[_____] (___)
                                          :
        Debtors.¹                         :        Joint Administration Requested
                                          :
------------------------------------------------------------ X
```

### INTERIM ORDER ESTABLISHING NOTIFICATION
### PROCEDURES AND APPROVING RESTRICTIONS
### ON (A) CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS AND
### (B) CLAIMS OF CERTAIN WORTHLESS STOCK DEDUCTIONS

Upon the motion (the "**Motion**")² of Checkout Holding Corp. and its affiliated

debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 362 of title 11 of the United States

Code (the "**Bankruptcy Code**"), for entry of interim and final orders authorizing the Debtors to

establish procedures to protect the potential value of the Debtors' consolidated net operating loss

carryforwards (the "**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use

in connection with the reorganization of the Debtors, all as more fully set forth in the Motion;

and this Court having jurisdiction to decide the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from

the United States District Court for the District of Delaware, dated February 29, 2012; and

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278).  The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

² Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Motion.

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Del Genio Declaration, filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The provisions of this Interim Order shall be effective *nunc pro tunc* to the Petition Date.

3.      The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply to all trading and transfers of, and worthless stock deduction claims with respect to, interests in the Debtors; provided, that, the Debtors may, in their sole discretion, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

4.      Until further order of this Court to the contrary, any acquisition, disposition, or trading of, or worthless stock deduction claim with respect to, Common Stock in

violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5.      Any person or Entity that acquires, disposes of, or trades Common Stock in violation of this Interim Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a worthless stock deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4, Exhibit 5** and **Exhibit 6** are hereby approved.

7.      Within three (3) business days of the entry of this Interim Order, the Debtors shall send the notice of this Interim Order (the "**Notice of Interim Order**") annexed hereto as **Exhibit 7** to all parties that were served with notice of the Motion, publish the Notice of Interim Order once in the national edition of *The New York Times*, and post the Procedures to the website established by Prime Clerk LLC for these Chapter 11 cases (which website address shall be identified in the Notice of Interim Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

8.      Nothing herein shall preclude any person or Entity desirous of acquiring or transferring, or making worthless stock deduction claims with respect to, any interest in the Debtors from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

9.      Notice of the Motion as provided therein shall be deemed good and

3

sufficient notice of the Motion.

10.     The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Interim Order expressly conditions or restricts trading in, or making worthless stock deduction claims with respect to, interests in the Debtors, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under the Prepackaged Plan or any applicable bankruptcy court order.

11.     Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

12.     The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

13.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

14.     The Final Hearing on the Motion shall be held on **[_____], 2018, at [_____] (Prevailing Eastern Time)** and any objections or responses to the Motion shall be in writing, filed with this Court, and served upon (i) the proposed attorneys for the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn: Gary T. Holtzer, Esq.; Ronit J. Berkovich, Esq.; Jessica Liou, Esq.; and Kevin Bostel, Esq.) and (b) Richards, Layton & Finger, P.A, 920 North King Street, Wilmington, Delaware  19801 (Attn: Mark D. Collins, Esq. and Jason Madron, Esq.); and (ii) the Notice Parties, in each case so as to

4

be received no later than **4:00 p.m. (Prevailing Eastern Time) on [_____], 2018**. This

Interim Order is effective only from the date of entry through this Court's disposition of the

Motion on a final basis; *provided that* the Court's ultimate disposition of the Motion on a final

basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

       15.    The Debtors are authorized to take all action necessary to effectuate the

relief granted in this Interim Order.

       16.    The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

Dated: _____, 2018
      Wilmington, Delaware

                 _____
                 UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1 to Interim Order</u>**

**Procedures**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
-------------------------------------------------------- X
                                                         :
In re                                                    :     Chapter 11
                                                         :
CHECKOUT HOLDING CORP., et al.,                          :     Case No. 18-[_____] (___)
                                                         :
                    Debtors.¹                            :     Joint Administration Requested
                                                         :
-------------------------------------------------------- X
```

## NOTICES, RESTRICTIONS, AND
## OTHER PROCEDURES REGARDING OWNERSHIP
## AND TRANSFERS OF INTERESTS IN THE DEBTORS AND CLAIMING CERTAIN
## WORTHLESS STOCK DEDUCTIONS

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (b) Claims of Certain Worthless Stock Deductions* (the "**Interim Order**") entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on _____, 2018, Docket No. ____, the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of interests in the Debtors and all claims of worthless stock deductions with respect to interests in the Debtors.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278).  The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Interim Order.

## A.    <u>Common Stock Restrictions</u>

(1)    <u>Definitions</u>.  For purposes of these Procedures, the following terms have the following meanings:

(a)    "**Common Stock**" shall mean any common stock issued by PDM Group Holdings Corporation.

(b)    "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(c)    "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire Common Stock.

(d)    "**Berkshire Stockholders**" shall mean each of Berkshire Fund VIII, L.P., Berkshire Fund VIII-A, L.P., Berkshire Investors III LLC, and Berkshire Investors IV LLC.

(e)    "**Majority Stockholder**" shall mean (i) any person that beneficially owns at least 409,736,340 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or (ii) any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Common Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date, which for the avoidance of doubt shall include the Berkshire Stockholders.

(f)    "**Substantial Stockholder**" shall mean any "entity" (as such term is defined in Treasury Regulations section 1.382-3(a), an "**Entity**") or person that beneficially owns at least 40,973,634 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock).

(2)    <u>Notice of Substantial Ownership</u>.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with the Bankruptcy Court, and serve upon (a) the Debtors, 200 Carillon Parkway, St. Petersburg, FL 33716 (Attn:  Shelly Schaffer and David Glogoff, Esq.); (ii) proposed counsel for the Debtors; (b) proposed counsel to the debtors, (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Gary T. Holtzer, Esq.; Ronit J. Berkovich, Esq.; Jessica Liou, Esq.; and Kevin Bostel, Esq.) and (ii) Richards, Layton & Finger, P.A., 920

North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason Madron, Esq.); (c) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); and (d) counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**") and (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Brian S. Hermann, Esq. and Robert A. Britton, Esq.), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801 (Attn: Pauline K. Morgan, Esq.), as counsel to the DIP Lenders and that ad hoc group of holders of term loans under the Second Lien Term Loan (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder. At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(3)   Acquisition of Common Stock. At least twenty (20) business days prior to the proposed date of any transfer of Common Stock or exercise of any Option to acquire Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person or Entity (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction. At the election of the Substantial Stockholder, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(4)   Disposition of Common Stock. At least twenty (20) business days prior to the proposed date of any transfer or other disposition of Common Stock that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Stockholder or a person's or Entity's ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Stockholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition

3

Transaction. At the election of the Substantial Stockholder, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(5)    Notice of Status as a Majority Stockholder. Any person that currently is or becomes a Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Stockholder Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 5**, which describes specifically and in detail such person's ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person qualifies as a Majority Stockholder. At the election of the Majority Stockholder, the Majority Stockholder Notice to be filed with the Bankruptcy Court (but not the Majority Stockholder Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

(6)    Notice of Intent to Claim a Worthless Stock Deduction. At least twenty (20) business days before a Majority Stockholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending before the effective date of the Plan, such Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 6**. At the election of the Majority Stockholder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

(7)    Objection Procedures. The Debtors and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, or a Majority Stockholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice. If the Debtors or any Creditors' Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court. If neither the Debtors nor any Creditors' Committee file an Objection by the Objection Deadline or if the Debtors and any and all Creditors' Committees provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Stockholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice. Any further Proposed Transaction or

4

Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

**B.**     **Noncompliance with the Procedures**

Any acquisition, disposition, or trading of, or claim of worthless stock deduction with respect to Common Stock in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  In the event that a Majority Stockholder claims a Worthless Stock Deduction in violation of these Procedures, such holder shall be required to file an amended federal income tax return revoking such deduction.  Furthermore, any person or Entity that acquires, disposes of, or trades, or claims a worthless stock deduction with respect to, Common Stock in violation of these Procedures shall be subject to sanctions as provided by law.

**C.**     **Debtors' Right to Waive**

**The Debtors may, in their sole discretion, waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**


Dated:      Wilmington, Delaware                    **BY ORDER OF THE COURT**
            [_____], 201__

**<u>Exhibit 2 to Interim Order</u>**

**Notice of Substantial Stock Ownership**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- X
                                       :

In re                                 :         **Chapter 11**
                                         :

**CHECKOUT HOLDING CORP.**, *et al.*,    :         **Case No. 18-[_____] (___)**
                                         :

            Debtors.[1]            :         **Joint Administration Requested**
                                         :
-------------------------------------------------------------- X

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving (A) Restrictions on Certain Transfers of Interests in the Debtors and (A) Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

            (i)      _____ shares of Common Stock,[2]

            (ii)   Options to acquire _____ shares of Common Stock,

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Common Stock and/or Options to acquire Common Stock that are owned directly by the Filer, the table sets forth (a) the number of such shares and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

In the case of Common Stock and/or Options to acquire Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock and/or Options to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Owned | Shares Underlying Options Owned | Date(s) Acquired |
|-------|---------------|--------------|--------------------------------|------------------|
| Common Stock | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

RLF1 20430303V.1

**<u>Exhibit 3 to Interim Order</u>**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Common Stock**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- X
                                                   :
In re                                              :      Chapter 11
                                                   :
CHECKOUT HOLDING CORP., et al.,                    :      Case No. 18-[_____] (___)
                                                   :
              Debtors.¹                            :      Joint Administration Requested
                                                   :
-------------------------------------------------- X
```

## NOTICE OF INTENT TO PURCHASE,
## ACQUIRE, OR OTHERWISE ACCUMULATE COMMON STOCK

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving (A) Restrictions on Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate directly one or more shares of Common Stock² and/or Options to acquire Common Stock and/or (ii) a proposed purchase or acquisition of Common Stock and/or Options to acquire Common Stock that would result in an increase in the number of shares of Common Stock and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Common Stock and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2. If the Proposed Transfer involves the purchase or acquisition of Common Stock and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278).  The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

² Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

Transfer nonetheless would increase the number of shares of Common Stock and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock and/or Options, (b) the number of shares of Common Stock and/or number of shares of Common Stock underlying Options proposed to be purchased or acquired, and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Underlying Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Common Stock and/or Options to acquire Common Stock directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Transfer) | Shares to Be Owned Following Proposed Transfer | Shares Underlying Options Owned Currently (i.e., Prior to Proposed | Shares Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| | | | | | |

RLF1 20430303V.1

| | | | | *Transfer)* | |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

3

**<u>Exhibit 4 to Interim Order</u>**

**Notice of Intent to Sell, Trade, or Otherwise Transfer Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- X
                                                        :
In re                                                   :     Chapter 11
                                                        :
CHECKOUT HOLDING CORP., et al.,                         :     Case No. 18-[_____] (___)
                                                        :
            Debtors.[1]                                 :     Joint Administration Requested
                                                        :
-------------------------------------------------------- X
```

## NOTICE OF INTENT TO SELL, TRADE,
## OR OTHERWISE TRANSFER COMMON STOCK

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving (A) Restrictions on Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of one or more shares of Common Stock[2] and/or Options to acquire Common Stock and/or (ii) a proposed sale, transfer, or disposition of Common Stock and/or Options to acquire Common Stock that would result in a decrease in the number of shares of Common Stock and/or number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.  If the Proposed Transfer involves the sale, transfer, or disposition directly by the Filer of Common Stock and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2.  If the Proposed Transfer involves the sale, transfer or disposition of Common Stock and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

Transfer nonetheless would decrease the number of shares of Common Stock and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock and/or Options; (b) the number of shares of Common Stock and/or number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of; and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares to Be Sold, Transferred, or Disposed Of | Shares Underlying Options to Be Sold, Transferred, or Disposed Of | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer, or disposition of Common Stock and/or Options to acquire Common Stock directly by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

2

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Transfer) | Shares to Be Owned Following Proposed Transfer | Shares Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

**<u>Exhibit 5 to Interim Order</u>**

**Declaration of Status as a Majority Stockholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                                                         :
In re                                                    :        **Chapter 11**
                                                         :
**CHECKOUT HOLDING CORP.,** *et al.,*                    :        **Case No. 18-[_____] (___)**
                                                         :
                    **Debtors.**[1]                      :        **Joint Administration Requested**
                                                         :
-------------------------------------------------------- X

## DECLARATION OF STATUS AS A MAJORITY STOCKHOLDER

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving (A) Restrictions on Certain Transfers of Interests in the Debtors and (A) Claims of Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Securities.[2]

PLEASE TAKE FURTHER NOTICE that, as of _____ ___, 2018, the Filer beneficially owns ____ shares of and/or interests in Common Stock.  The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such Common Stock in an amount sufficient for the Filer to qualify as a Majority Stockholder:

| *Number of Shares of and/or Interests in Common Stock* | *Date(s) Acquired* |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional pages if necessary.)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278).  The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is
_____.

 [[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn:
[name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**<u>Exhibit 6 to Interim Order</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ X
                                                             :
In re                                                        :        Chapter 11
                                                             :
CHECKOUT HOLDING CORP., et al.,                              :        Case No. 18-[_____] (___)
                                                             :
                Debtors.¹                                    :        Joint Administration Requested
                                                             :
------------------------------------------------------------ X
```

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving (A) Restrictions on Certain Transfers of Interests in, [and Claims Against,] the Debtors and (B) Claims of Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction² with respect to its Common Stock (a "**Proposed Deduction**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 20__, the Filer filed a Declaration of Status as a Majority Stockholder with this Court.

PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares and/or interests of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to ___ shares of and/or interests in Common Stock. If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired ___ shares of and/or interests in Common Stock on the first day of the Filer's next taxable year and shall be treated as never having owned such Common Stock during any prior year for the purposes of testing whether an Ownership Change has occurred.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

² Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____


Date: _____

2

**<u>Exhibit 7 to Interim Order</u>**

**Interim Publication Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF STOCK ISSUED BY CHECKOUT HOLDING CORP. OR ITS AFFILIATED COMPANIES:**

Upon the motion (the "**Motion**") of Checkout Holding Corp. and its affiliated companies (the "**Debtors**"), on ____, 20__, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Checkout Holding Corp., et al.*, No. ____ (__) (the "**Chapter 11 Cases**"), entered an interim order establishing procedures (the "**Procedures**") with respect to direct and indirect transfers of interests in the Debtors and claims of worthless stock deductions and scheduling a hearing on a final order with respect to such Procedures.

In certain circumstances, the Procedures restrict (i) transactions involving, and require notices of the holdings and proposed transactions by, any person, group of persons, or entity that is or, as a result of such a transaction, would become a Substantial Stockholder of the common stock issued by PDM Group Holdings Corporation (the "**Common Stock**") and (ii) claims by any Majority Stockholder of a worthless stock deduction under section 165(g) of the Internal Revenue Code with respect to the Common Stock. For purposes of the Procedures, a "**Substantial Stockholder**" is any person or entity (including certain persons making a coordinated acquisition) that beneficially owns, directly or indirectly (and/or owns options to acquire) at least 40,973,634 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock), and a "**Majority Stockholder**" is any person that beneficially owns at least 409,736,340 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code) of Common Stock (as defined in the Procedures) if such person claimed a worthless stock deduction with respect to such securities. *Any prohibited acquisition or other transfer of, or claim of a worthless stock deduction with respect to, Common Stock will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

*The Procedures, as approved on an interim basis and as requested on a final basis, are available on the website of Prime Clerk LLC, the Debtors' Court-approved claims agent, located at https://cases.primeclerk.com/Catalina, and on the docket of the Chapter 11 Cases, Docket No. _____ (__), which can be accessed via PACER at https://www.pacer.gov.*

**A direct or indirect holder of, or prospective holder of, securities issued by PDM Group Holdings Corporation that may be or become a Substantial Stockholder, a Majority Stockholder or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors should consult the Procedures.**

PLEASE TAKE NOTICE that the final hearing on the Motion shall be held on _____, 20__, at _____ **(Eastern Time),** and any objections or responses to the Motion shall be in writing, filed with the Court (with a copy delivered to Chambers), and served upon (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: [●]), as proposed

counsel to the Debtors, and (ii) the Office of the United States Trustee for Region 3, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: [●]), in each case so as to be received no later than **4:00 p.m. (Eastern Time) on _____, 2018**.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse non-compliance therewith.

Dated:     Wilmington, Delaware              **BY ORDER OF THE COURT**
           [_____], 20__

**<u>Exhibit B</u>**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
                                         :

In re                                :         **Chapter 11**
                                           :

**CHECKOUT HOLDING CORP.**, *et al.*,    :         **Case No. 18-[_____] (___)**
                                           :

             Debtors.[1]                      :         **Joint Administration Requested**
                                           :
---------------------------------------------------------- X

## FINAL ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS AND CLAIMING CERTAIN WORTHLESS STOCK DEDUCTIONS

Upon the motion (the "**Motion**")[2] of Checkout Holding Corp. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an entry of interim and final orders establishing procedures to protect the potential value of the Debtors' consolidated net operating loss carryforwards (the "**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278).  The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Motion.

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion on a final basis (the "**Final Hearing**"); and this Court having entered an order granting the relief requested in the Motion on an interim basis; and upon the Del Genio Declaration, filed contemporaneously with the Motion, the record of the Interim Hearing, the Final Hearing, and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on a final basis as set forth herein.

2.      The provisions of this Final Order shall be effective *nunc pro tunc* to the Commencement Date.

3.      The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply to all trading and transfers of interests in the Debtors and all worthless stock deduction claims with respect to interests in the Debtors; provided, that, the Debtors may, in their sole discretion, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

4.      Any acquisition, disposition, or trading of Common Stock or worthless stock deduction claim with respect to Common Stock in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code. For purposes of this Final Order, any trades made before the entry of the Interim Order shall not be subject to this Final Order.

5.      Any person or Entity that acquires, disposes of, or trades Common Stock in violation of this Final Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a worthless stock deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5** and **Exhibit 6** are hereby approved.

7.      Within three (3) business days of the entry of this Order, the Debtors shall send the notice of this Final Order (the "**Notice of Final Order**") annexed hereto as **Exhibit 7** to all parties that were served with notice of the Motion, publish the Notice of Final Order once in the national edition of *The New York Times*, and post the Procedures to the website established by Prime Clerk LLC for these Chapter 11 Cases (which website address shall be identified in the Notice of Final Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

8.      Nothing herein shall preclude any person or Entity desirous of purchasing or transferring any interest in the Debtors from requesting relief from this Final Order from this Court, subject to the Debtors' rights to oppose such relief.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10.     The relief granted in this Final Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Final Order expressly conditions or restricts trading in interests in the Debtors or making worthless stock deduction claims with respect to interests in the Debtors, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under the Prepackaged Plan or any applicable bankruptcy court order.

11.     The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

12.     Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

Dated: _____, 2018
          Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1 to Final Order</u>**

**Procedures**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------- X
                                         :
In re                                 :       **Chapter 11**
                                           :
**CHECKOUT HOLDING CORP.,** *et al.,*   :       **Case No. 18-[\_\_\_\_\_] (\_\_\_)**
                                           :
            **Debtors.**[1]           :       **Joint Administration Requested**
                                           :
----------------------------------------------------------- X

**NOTICES, RESTRICTIONS, AND
OTHER PROCEDURES REGARDING OWNERSHIP
AND TRANSFERS OF (A) INTERESTS IN THE DEBTORS AND (B) CLAIMS OF
<u>CERTAIN WORTHLESS STOCK DEDUCTIONS</u>**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions* (the "**Final Order**") entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on _____, 20\_\_, Docket No. [\_\_\_\_], the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of interests in the Debtors and all claims of worthless stock deductions with respect to interests in the Debtors.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Final Order.

## A. Common Stock Restrictions

(1)  Definitions.  For purposes of these Procedures, the following terms have the following meanings:

(a)  "**Common Stock**" shall mean any common stock issued by PDM Group Holdings Corporation.

(b)  "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(c)  "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire Common Stock.

(d)  "**Berkshire Stockholders**" shall mean each of Berkshire Fund VIII, L.P., Berkshire Fund VIII-A, L.P., Berkshire Investors III LLC, and Berkshire Investors IV LLC.

(e)  "**Majority Stockholder**" shall mean (i) any person that beneficially owns at least 409,736,340 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or (ii) any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Common Stock if such person claimed a Worthless Stock Deduction at any time on or after the Commencement Date, which, for the avoidance of doubt, shall include the Berkshire Stockholders.

(f)  "**Substantial Stockholder**" shall mean any "entity" (as such term is defined in Treasury Regulations section 1.382-3(a), an "**Entity**") or person that beneficially owns at least 40,973,634 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock).

(2)  Notice of Substantial Ownership.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with the Bankruptcy Court, and serve upon (a) the Debtors, 200 Carillon Parkway, St. Petersburg, FL 33716 (Attn:  Shelly Schaffer and David Glogoff, Esq.); (ii) proposed counsel for the Debtors; (b) proposed counsel to the Debtors, (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Gary T. Holtzer, Esq.; Ronit J. Berkovich, Esq.; Jessica Liou, Esq.; and Kevin Bostel, Esq.) and (ii) Richards, Layton & Finger, P.A, 920

North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason Madron, Esq.); (c) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); and (d) counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**") and (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Brian S. Hermann, Esq. and Robert A. Britton, Esq.), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801 (Attn: Pauline K. Morgan, Esq.), as counsel to the DIP Lenders and that ad hoc group of holders of term loans under the Second Lien Term Loan (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Final Order as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder. At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Stock Ownership Notice that is served upon Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(3)    Acquisition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer of Common Stock or exercise of any Option to acquire Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person, Entity, or Substantial Stockholder (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Final Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction. At the election of the Substantial Stockholder, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(4)    Disposition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition of Common Stock that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Stockholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Final Order as **Exhibit 4**, which

describes specifically and in detail the Proposed Disposition Transaction. At the election of the Substantial Stockholder, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(5)    <u>Notice of Status as a Majority Stockholder</u>. Any person that currently is or becomes a Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Stockholder Notice**"), in substantially the form annexed to the Final Order as **<u>Exhibit 5</u>**, which describes specifically and in detail such person's ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person qualifies as a Majority Stockholder. At the election of the Majority Stockholder, the Majority Stockholder Notice to be filed with the Bankruptcy Court (but not the Majority Stockholder Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

(6)    <u>Notice of Intent to Claim a Worthless Stock Deduction</u>. At least twenty (20) business days before a Majority Stockholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending before the effective date of the Plan, such Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Final Order as **<u>Exhibit 6</u>**. At the election of the Majority Stockholder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

(7)    <u>Objection Procedures</u>.    <u>Objection Procedures</u>.    The Debtors and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, or a Majority Stockholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice. If the Debtors or any Creditors' Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court. If neither the Debtors nor any Creditors' Committee file an Objection by the Objection Deadline or if the Debtors and any and all Creditors' Committees provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Stockholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction

Notice.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

**B.**     **Noncompliance with the Procedures.**

Any acquisition, disposition, or trading of Common Stock in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  In the event that a Majority Stockholder claims a Worthless Stock Deduction in violation of the Procedures, such Worthless Stock Deduction shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code, and such holder shall be required to file an amended federal income tax return revoking such deduction.  Furthermore, any person or Entity that acquires, disposes of, or trades Common Stock or Claims against the Debtors or claims a Worthless Stock Deduction in violation of these Procedures shall be subject to sanctions as provided by law.

**C.**     **Debtors' Right to Waive.**

**The Debtors may, in their sole discretion, waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**

Dated:     Wilmington, Delaware          **BY ORDER OF THE COURT**
           [_____], 20__

**<u>Exhibit 2 to Final Order</u>**

**Notice of Substantial Stock Ownership**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- X
                                                         :
In re                                                    :        Chapter 11
                                                         :
CHECKOUT HOLDING CORP., et al.,                          :        Case No. 18-[_____] (___)
                                                         :
        Debtors.[1]                                      :        Joint Administration Requested
                                                         :
-------------------------------------------------------- X
```

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

  (i)    _____ shares of Common Stock,[2]

  (ii)   Options to acquire _____ shares of Common Stock,

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Common Stock and/or Options to acquire Common Stock that are owned directly by the Filer, the table sets forth (a) the number of such shares and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

In the case of Common Stock and/or Options to acquire Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock and/or Options to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Owned | Shares Underlying Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

**<u>Exhibit 3 to Final Order</u>**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------- X
                                              :
In re                                         :       Chapter 11
                                              :
CHECKOUT HOLDING CORP., et al.,               :       Case No. 18-[_____] (___)
                                              :
              Debtors.¹                       :       Joint Administration Requested
                                              :
----------------------------------------------------------- X
```

## NOTICE OF INTENT TO PURCHASE,
## ACQUIRE, OR OTHERWISE ACCUMULATE COMMON STOCK

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate directly one or more shares of Common Stock² and/or Options to acquire Common Stock and/or (ii) a proposed purchase or acquisition of Common Stock and/or Options to acquire Common Stock that would result in an increase in the number of shares of Common Stock and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.  If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Common Stock and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2.  If the Proposed Transfer involves the purchase or acquisition of Common Stock and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

² Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

Transfer nonetheless would increase the number of shares of Common Stock and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock and/or Options, (b) the number of shares of Common Stock and/or number of shares of Common Stock underlying Options proposed to be purchased or acquired, and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Underlying Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Common Stock and/or Options to acquire Common Stock directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Transfer) | Shares to Be Owned Following Proposed Transfer | Shares Underlying Options Owned Currently (i.e., Prior to | Shares Underlying Options to Be Owned Following Proposed |
|---|---|---|---|---|---|

2

| | | | | *Proposed Transfer)* | *Transfer* |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

 [[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____


Date: _____

**<u>Exhibit 4 to Final Order</u>**

**Notice of Intent to Sell, Trade, or Otherwise Transfer Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                                             :
In re                                    :         **Chapter 11**
                                             :
**CHECKOUT HOLDING CORP.,** *et al.,*     :         **Case No. 18-[_____] (___)**
                                             :
                  **Debtors.**[1]            :         **Joint Administration Requested**
                                             :
-------------------------------------------------------- X

## NOTICE OF INTENT TO SELL, TRADE,
## OR OTHERWISE TRANSFER COMMON STOCK

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of one or more shares of Common Stock[2] and/or Options to acquire Common Stock and/or (ii) a proposed sale, transfer, or disposition of Common Stock and/or Options to acquire Common Stock that would result in a decrease in the number of shares of Common Stock and/or number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the sale, transfer, or disposition directly by the Filer of Common Stock and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2. If the Proposed Transfer involves the sale, transfer or disposition of Common Stock and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock and/or number of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock and/or Options; (b) the number of shares of Common Stock and/or number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of; and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares to Be Sold, Transferred, or Disposed Of | Shares Underlying Options to Be Sold, Transferred, or Disposed Of | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer, or disposition of Common Stock and/or Options to acquire Common directly by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Transfer) | Shares to Be Owned Following Proposed Transfer | Shares Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is
_____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____
_____

Telephone: _____
Facsimile: _____

Date: _____

**<u>Exhibit 5 to Final Order</u>**

**Declaration of Status as a Majority Stockholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
                                                             :
In re                                                        :         **Chapter 11**
                                                             :
**CHECKOUT HOLDING CORP.**, *et al.*,                        :         **Case No. 18-[_____] (___)**
                                                             :
            Debtors.[1]                                      :         **Joint Administration Requested**
                                                             :
------------------------------------------------------------ X

### <u>DECLARATION OF STATUS AS A MAJORITY STOCKHOLDER</u>

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Stockholder.[2]

PLEASE TAKE FURTHER NOTICE that, as of _____ ___, 2018, the Filer beneficially owns ___ shares of and/or interests in Common Stock.  The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such Common Stock in an amount sufficient for the Filer to qualify as a Majority Stockholder:

| *Number of Shares of and/or Interests in Common Stock* | *Date(s) Acquired* |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional pages if necessary.)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278).  The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in **<u>Exhibit 1</u>** to the Final Order.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is
_____.

 [[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn:
[name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**<u>Exhibit 6 to Final Order</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- X
                                                         :
In re                                                    :     Chapter 11
                                                         :
CHECKOUT HOLDING CORP., et al.,                          :     Case No. 18-[_____] (___)
                                                         :
               Debtors.¹                                 :     Joint Administration Requested
                                                         :
-------------------------------------------------------- X
```

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction[2] with respect to its Common Stock (a "**Proposed Deduction**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 20__, the Filer filed a Declaration of Status as a Majority Stockholder with this Court.

PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares of and/or interests in Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to ___ shares of and/or interests in Common Stock. If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired ___ shares of and/or interests in Common Stock on the first day of Filer's next taxable year and shall be treated as never having owned such Common Stock during any prior year for the purposes of testing whether an Ownership Change has occurred.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

        [[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

                        Respectfully submitted,

                        _____

                        [Name of Filer]

                        By: _____
                        Name: _____

                        Address: _____
                        _____
                        _____
                        Telephone: _____
                        Facsimile: _____

                        Date: _____

RLF1 20430303V.1

**<u>Exhibit 7 to Final Order</u>**

**Final Publication Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, STOCK ISSUED BY CHECKOUT HOLDING CORP. OR ITS AFFILIATED COMPANIES:**

Upon the motion (the "**Motion**") of Checkout Holding Corp. and its affiliated companies (the "**Debtors**"), on [_____, 2018], the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Checkout Holding Corp., et al.*, No. ____ (__) (the "**Chapter 11 Cases**"), entered a final order establishing procedures (the "**Procedures**") with respect to direct and indirect transfers of interests in the Debtors and claims of worthless stock deductions with respect to interests in the Debtors.

In certain circumstances, the Procedures restrict (i) transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that is or, as a result of such a transaction, would become a Substantial Stockholder of the common stock issued by PDM Group Holdings Corporation (the "**Common Stock**") and (ii) claims by any Majority Stockholder of a worthless stock deduction under section 165(g) of the Internal Revenue Code with respect to the Common Stock.  For purposes of the Procedures, a "**Substantial Stockholder**" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns, directly or indirectly (and/or owns options to acquire) at least 40,973,634 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock) and a "**Majority Stockholder**" is any person that beneficially owns at least 409,736,340 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code) of Common Stock (as defined in the Procedures) if such person claimed a worthless stock deduction with respect to such securities.  *Any prohibited acquisition or other transfer of, or claim of a worthless stock deduction with respect to, Common Stock will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

*The Procedures are available on the website of Prime Clerk LLC, the Debtors' Court-approved claims agent, located at https://cases.primeclerk.com/Catalina, and on the docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at https://www.pacer.gov.*

The requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

**A direct or indirect holder of, or prospective holder of, stock issued by PDM Group Holdings Corporation that may be or become a Substantial Stockholder against the Debtors should consult the Procedures.**

Dated:    Wilmington, Delaware          **BY ORDER OF THE COURT**
           [_____], 201__

RLF1 20430303V.1