IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
                                                            :

In re                                              :          Chapter 11
                                                             :

CHECKOUT HOLDING CORP., *et al.*,       :          Case No. 18-12794 (KG)
                                                             :

         Debtors.[1]                           :          (Jointly Administered)
                                                             :
                                                             :          Re:  D.I. 13
------------------------------------------------------------ X

**ORDER (I) SCHEDULING COMBINED HEARING
TO CONSIDER (A) APPROVAL OF DISCLOSURE STATEMENT,
(B) APPROVAL OF SOLICITATION PROCEDURES AND FORMS OF
BALLOTS, AND (C) CONFIRMATION OF PREPACKAGED PLAN;
(II) ESTABLISHING AN OBJECTION DEADLINE TO OBJECT TO DISCLOSURE
STATEMENT AND PLAN; (III) APPROVING THE FORM AND MANNER OF
NOTICE OF COMBINED HEARING, OBJECTION DEADLINE,
AND NOTICE OF COMMENCEMENT; (IV) CONDITIONALLY
WAIVING REQUIREMENT OF FILING STATEMENT OF FINANCIAL
AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES;
(V) CONDITIONALLY WAIVING REQUIREMENT TO CONVENE THE SECTION
<u>341 MEETING OF CREDITORS; AND (VI) GRANTING RELATED RELIEF</u>**

Upon the motion (the "**Motion**")[2] of Checkout Holding Corp. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (i) scheduling a combined hearing to consider (a) approval of the Disclosure Statement (b) the Solicitation Procedures, and (c) confirmation of the Prepackaged Plan, (ii) establishing an objection deadline to object to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); CellFire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278).  The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Motion.

adequacy of the Disclosure Statement or confirmation of the Prepackaged Plan, (iii) approving the form and manner of notice of the Combined Hearing, the Objection Deadline, and notice of commencement, (iv) extending the deadline for the Debtors to file schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules and Statements**") through and including March 7, 2019 (the "**SOAL/SOFA Deadline**"), and conditionally waiving the requirement that the Debtors file the Schedules and Statements upon confirmation of the Prepackaged Plan, (v) conditionally waiving the requirement to convene the Section 341 Meeting, and (vi) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the *Del Genio Declaration* filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. A hearing to consider compliance with disclosure and solicitation requirements and confirmation of the Debtors' Plan (the "**Combined Hearing**") is hereby scheduled to be held before this Court on **January 31, 2019 starting at 10:00 a.m. (Eastern Standard Time**). The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing and notice of such adjourned date(s) will be available on the electronic case filing docket.

3. Any objections to the Disclosure Statement and/or the Prepackaged Plan shall be in writing, filed with the Clerk of the United States Bankruptcy Court for the District of Delaware together with proof of service thereof, set forth the name of the objecting party, and the nature and amount of any Claim or Interest asserted by the objecting party against the estate or property of the Debtors, state the legal and factual basis for such objection, conform to the applicable Bankruptcy Rules and Local Rules, and be served upon the following so as to be received no later than **4:00 p.m. (Eastern Standard Time) on January 24, 2019** (the "**Objection Deadline**"): The Debtors further request that the Court direct that any objections to the Disclosure Statement and/or the Prepackaged Plan be: (i) in writing, (ii) filed with the Clerk of Court together with proof of service thereof, (iii) set forth the name of the objecting party, and the nature and amount of any claim or interest asserted by the objecting party against the estate or property of the Debtors, and state the legal and factual basis for such objection, and (iv) conform to the applicable Bankruptcy Rules and the Local Rules. In addition to being filed with the Clerk of the Court, any such objections should be served upon the following parties so

3

as to be received by the Objection Deadline:  (i) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary Holtzer, Esq., gary.holtzer@weil.com, and Ronit J. Berkovich, Esq., ronit.berkovich@weil.com); (ii) co-attorneys for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19899 (Attn:  Mark D. Collins, Esq., collins@rlf.com, and Jason M. Madron, Esq., madron@rlf.com); (iii) Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg, Esq., sgreenberg@jonesday.com, and Michael J. Cohen, Esq., mcohen@jonesday.com) and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, Wilmington, DE 19801 (Attn: Laura Davis Jones, Esq., ljones@pszjlaw.com), as counsel to the DIP lenders and the ad hoc group of lenders under the First Lien Credit Agreement; (iv) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Brian S. Hermann, Esq., bhermann@paulweiss.com, and Robert A. Britton, Esq., rbritton@paulweiss.com), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801 (Attn: Pauline K. Morgan, Esq., pmorgan@ycst.com), as counsel to the DIP lenders and the ad hoc group of certain holders of the Second Lien Term Loans; (v) Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, NY 10017 (Attn: Brian M. Resnick, Esq., brian.resnick@davispolk.com), as counsel to JPMorgan Chase Bank, N.A., as administrative agent under the First Lien Credit Agreement; (vii) Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022 (Attn: My Chi To, Esq., mcto@debevoise.com), as counsel to an ad hoc group of holders of the HoldCo PIK Toggle Notes of PDM Intermediate Holdings B Corporation; (viii) the Internal Revenue Service; (ix) the United States Attorney's Office for the District of Delaware; (x) and the United States Trustee

for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin Hackman, Esq., Benjamin.A.Hackman@usdoj.gov).

4. Any objections not timely filed and served in the manner set forth in this Order may, in the Court's discretion, not be considered and may be overruled.

5. Notice of the Combined Hearing as proposed in the Motion and the form of notice annexed hereto as **Exhibit 1** shall be deemed good and sufficient notice of the Combined Hearing and no further notice need be given; *provided*, *however*, that any provision of Bankruptcy Rule 3017(d) requiring the Debtors to distribute the Disclosure Statement and the Prepackaged Plan to parties not entitled to vote, whether because they are unimpaired or because they are deemed to reject the Prepackaged Plan, or any parties in interest other than as prescribed in this Order, shall be waived; *provided further*, *however*, the Disclosure Statement and Prepackaged Plan shall be remain posted in .PDF format to the following page at https://cases.primeclerk.com/Catalina and shall be provided in either electronic or paper form to any parties in interest upon written request to the Debtors. The Debtors shall also serve a copy of the Combined Notice on all known creditors, interest holders, and interested parties.

6. Service of the Combined Notice as set forth in the Motion and herein is sufficient notice of the Petition Date, the Combined Hearing, the Objection Deadline, and procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Prepackaged Plan.

7. The Debtors are authorized, pursuant to Bankruptcy Rule 2002(*l*), to give supplemental publication notice of the Combined Hearing by publication in a newspaper designated by the Debtors in their sole discretion and on a date no less than twenty-eight days prior to the Combined Hearing.

5

8.  The time within which the Debtors shall file the Schedules and Statements is extended through and including March 7, 2019 without prejudice to the Debtors' right to seek further extensions of the time within which to file the Schedules and Statements or to seek additional relief from this Court regarding the filing of, or waiver of the requirement to file, the Schedules and Statements.

9.  The requirement that the Debtors file the Schedules and Statements is permanently waived effective upon the date of confirmation of the Prepackaged Plan, provided confirmation occurs on or before the SOAL/SOFA Deadline.

10. The U.S. Trustee shall not be required to schedule a meeting of creditors pursuant to Bankruptcy Code section 341(a) unless a Plan is not confirmed in these cases within 60 days of the Petition Date.

11. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted pursuant to this Order in accordance with the Motion.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: December 13th, 2018**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 20436612V.1