IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
                                                                             :

**In re**                                                        :          **Chapter 11**

                                                                     :

**CHECKOUT HOLDING CORP.**, *et al.*,       :          **Case No. 18-12794 (KG)**

                                                                     :

                    Debtors.[1]                          :          **(Jointly Administered)**

                                                                     :
------------------------------------------------------------ X

**NOTICE OF COMMENCEMENT OF CASES
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**-AND-**

**SUMMARY OF JOINT PREPACKAGED CHAPTER 11 PLAN AND NOTICE OF
HEARING TO CONSIDER (A) DEBTORS' COMPLIANCE WITH DISCLOSURE
REQUIREMENTS AND (B) CONFIRMATION OF PLAN OF REORGANIZATION**

**NOTICE IS HEREBY GIVEN** as follows:

        1. On December 12, 2018 (the "**Petition Date**") Checkout Holding Corp. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), each commenced a case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

        2. On the Petition Date, the Debtors filed a "prepackaged" plan of reorganization (the "**Prepackaged Plan**") and a proposed disclosure statement (the "**Disclosure Statement**") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. Copies of the Prepackaged Plan and the Disclosure Statement may be obtained free of charge by visiting the website maintained by the Debtors' voting agent, Prime Clerk, LLC (the "**Voting Agent**"), at Prime Clerk, LLC. Copies of the Prepackaged Plan and Disclosure Statement may also be obtained by calling the Voting Agent at (844) 205-4337 (toll free or (917) 460-0912 (international hotline), emailing the Voting Agent at CatalinaBallots@primeclerk.com, or emailing Debtors' counsel at Collins@rlf.com or Madron@rlf.com.

        On December 11, 2018, the Debtors commenced solicitation of votes to accept the Prepackaged Plan from the holders of Class 3 Claims (First Lien Debt Claims) and Class 4 Claims (Second Lien Debt Claims) of record as of December 10, 2018. Only holders of Class 3 Claims and Class 4 Claims, are entitled to vote to accept or reject the Prepackaged Plan. All other classes of claims were either deemed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); CellFire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

to accept or reject the Prepackaged Plan and, therefore, are not entitled to vote. **The deadline for the submission of votes to accept or reject the Prepackaged Plan is January 23, 2019 at 5:00 p.m. (Eastern Standard Time).**

The Debtors are proposing a Restructuring that, pursuant to the Prepackaged Plan that will leave the Debtors' business intact and substantially de-levered, providing for the reduction of $1.6 billion of the Debtors' existing debt. The Prepackaged Plan also enhances the Debtors' near term liquidity through certain existing secured lenders' funding of a $40 million exit facility. This deleveraging and recapitalization will enhance the Debtors' long-term growth prospects and competitive position and allow the Debtors to emerge from their chapter 11 cases (the "**Chapter 11 Cases**") as reorganized entities better positioned to withstand the current cycle of marketing-spend allocation, upgrade their software and hardware platforms, and shore up their existing network infrastructure. The Restructuring will allow the Debtors' management team to focus on operational performance and value creation, execute on growth initiatives to leverage the Debtors' network across digitally active consumers, and continue to provide their customers with the uniquely efficient services that are their hallmark.

**Summary of the Prepackaged Plan**[2]

3. Solicitation of votes on the Prepackaged Plan commenced prior to the Petition Date. The following chart summarizes the treatment provided by the Prepackaged Plan to each class of Claims and Interests:

---

[2] The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Prepackaged Plan and do not purport to be precise or complete statements of all the terms and provisions of the Prepackaged Plan or documents referred to therein. For a more detailed description of the Prepackaged Plan, please refer to the Disclosure Statement. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Prepackaged Plan.

2

| Class | Claim or Equity Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Prepackaged Plan | Approx. Percentage Recovery[3] |
|---|---|---|---|---|---|
| Class 1 | Priority Non-Tax Claims | Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees to different treatment, on the later of the Effective Date and the date that is ten (10) Business Days after the date such Priority Non-Tax Claim becomes an Allowed Claim, or as soon thereafter as is reasonably practicable, each holder of an Allowed Priority Non-Tax Claim shall receive, on account of such Allowed Claim, at the option of the Reorganized Debtors: (i) Cash in an amount equal to the Allowed amount of such Claim or (ii) other treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code. | Unimpaired | No (Deemed to accept) | Estimated Percentage Recovery: 100% |
| Class 2 | Other Secured Claims | Except to the extent that a holder of an Allowed Other Secured Claim agrees to different treatment, on the later of the Effective Date and the date that is ten (10) Business Days after the date such Other Secured Claim becomes an Allowed Claim, or as soon thereafter as is reasonably practicable, each holder of an Allowed Other Secured Claim shall receive, on account of such Allowed Claim, at the option of the Reorganized Debtors: (i) Cash in an amount equal to the Allowed amount of such Claim, (ii) reinstatement or such other treatment sufficient to render such holder's Allowed Other Secured Claim Unimpaired pursuant to section 1124 of the Bankruptcy Code, or (iii) return of the applicable Collateral in satisfaction of the Allowed amount of such Other Secured Claim. | Unimpaired | No (Deemed to accept) | Estimated Percentage Recovery: 100% |
| Class 3 | First Lien Debt Claims | On the Effective Date, each holder of an Allowed First Lien Debt Claim shall be entitled to receive from (and on behalf of) CHC, in full and final satisfaction of such Claim, its Pro Rata share of 90% of the New Common Stock issued on the Effective Date (subject to dilution by the Management Incentive Plan). | Impaired | Yes | Estimated Percentage Recovery: 17.4% - 43.6% |
| Class 4 | Second Lien Debt Claims | On the Effective Date, each holder of an Allowed Second Lien Debt Claim shall be entitled to receive from (and on behalf of) CHC), in full and final satisfaction of such Claim, its Pro Rata share of 10% of the New Common Stock issued on the Effective Date (subject to dilution by the Management Incentive Plan). | Impaired | Yes | Estimated Percentage Recovery: 3.8% - 9.5% |

---

[3] The ranges set forth under Approximate Percentage Recovery are based on the range of reorganized equity value of the Debtors as described in the Valuation Analysis set forth in the Disclosure Statement.

| | | | | | |
|---|---|---|---|---|---|
| Class 5 | General Unsecured Creditor Claims | Except to the extent that a holder of a General Unsecured Claim agrees to different treatment, on and after the Effective Date, the Debtors shall continue to pay or dispute each General Unsecured Claim in the ordinary course of business as if the Chapter 11 Cases had never been commenced. | Unimpaired | No (Deemed to accept) | Estimated Percentage Recovery: 100% |
| Class 6 | NCS Rejection Claims | The holders of NCS Rejection Claims shall not receive or retain any property under the Prepackaged Plan on account of such Claims, and the obligations of the Debtors and the Reorganized Debtors on account of the NCS Rejection Claims shall be discharged. | Impaired | No (Deemed to reject) | 1. Estimated Percentage Recovery: 0% |
| Class 7 | General Unsecured PDM Claims | The holders of General Unsecured PDM Claims shall not receive or retain any property under the Prepackaged Plan on account of such Claims, and the obligations of the Debtors and the Reorganized Debtors on account of the General Unsecured PDM Claims shall be discharged. | Impaired | No (Deemed to reject) | 2. Estimated Percentage Recovery: 0% |
| Class 8 | Intercompany Claims | On or after the Effective Date, all Intercompany Claims shall be paid, adjusted, continued, settled, reinstated, discharged, or eliminated, in each case to the extent determined to be appropriate by the Debtors or Reorganized Debtors, as applicable, in their sole discretion.  All Intercompany Claims between any Debtor and a non-Debtor affiliate shall be Unimpaired under the Prepackaged Plan. | Unimpaired | No (Deemed to accept) | 3. Estimated Percentage Recovery: 100% |
| Class 9 | Subordinated Claims | Subordinated Claims are subordinated pursuant to the Prepackaged Plan and section 510 of the Bankruptcy Code.  The holders of Subordinated Claims shall not receive or retain any property under the Prepackaged Plan on account of such Claims, and the obligations of the Debtors and the Reorganized Debtors on account of Subordinated Claims shall be discharged. | Impaired | No (Deemed to reject) | 4. Estimated Percentage Recovery: 0% |
| Class 10 | Existing Equity Interests | On the Effective Date, the Existing Equity Interests will be cancelled without further action by or order of the Bankruptcy Court. | Impaired | No (Deemed to reject) | 5. Estimated Percentage Recovery: 0% |
| Class 11 | Intercompany Interests | Intercompany Interests are Unimpaired.  On the Effective Date, all Intercompany Interests will be treated as set forth in Section 5.9 of the Prepackaged Plan. | Unimpaired | No (Deemed to accept) | 6. Estimated Percentage Recovery: 100% |

4

RLF1 20444893v.1

**NOTICE REGARDING CERTAIN RELEASE,
EXCULPATION AND INJUNCTION PROVISIONS IN THE PREPACKAGED PLAN**

PLEASE BE ADVISED THAT THE PREPACKAGED PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:

**As of the Effective Date, except for the rights and remedies that remain in effect from and after the Effective Date to enforce this Plan and the Plan Documents, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service and contributions of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, the Released Parties are deemed forever released and discharged by the Debtors, the Reorganized Debtors, and the Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other entities that may purport to assert any Cause of Action derivatively, by or through the foregoing entities, from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the DIP Facility, the Amended and Restated First Lien Credit Facility, the negotiation, formulation, or preparation of the Disclosure Statement, the Restructuring Support Agreement and any exhibits or documents relating thereto, and this Plan and related agreements, instruments, and other documents (including the Plan Documents), the solicitation of votes with respect to this Plan, any other act or omission, transaction, agreement, event, or other occurrence, or any other relief obtained by the Debtors in the Chapter 11 Case, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act or constitutes intentional fraud.**

**OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN SECTION X OF THE PREPACKAGED PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PREPACKAGED PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**Hearing to Consider Compliance with Disclosure
Requirements and Confirmation of the Prepackaged Plan**

4. A combined hearing to consider compliance with the Bankruptcy Code's disclosure requirements and any objections thereto and to consider confirmation of the Prepackaged Plan

and any objections thereto will be held before The Honorable Kevin Gross, United States Bankruptcy Judge, in Room 3 of the United States Bankruptcy Court, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801 on **January 31, 2019 starting at 10:00 a.m. (Eastern Standard Time)** (the "**Combined Hearing**"). The Combined Hearing may be adjourned from time to time without further notice other than by filing a notice on the Bankruptcy Court's docket indicating such adjournment and/or an announcement of the adjourned date or dates at the Combined Hearing. The adjourned date or dates will be available on the electronic case filing docket and the Voting Agent's website at https://cases.primeclerk.com/Catalina.

5. Any objections to the Disclosure Statement and/or the Prepackaged Plan must (i) be in writing, filed with the Clerk of the United States Bankruptcy for the District of Delaware together with proof of service thereof, (ii) set forth the name of the objecting party, and the nature and amount of any claim or interest asserted by the objecting party against the estate or property of the Debtors, (iii) state the legal and factual basis for such objection, and (iv) **be served upon the following so as to be received no later than 4:00 p.m. (Eastern Standard Time) on January 24, 2019:**

(i) Catalina Marketing Corporation, 200 Carillon Parkway, St. Petersburg, FL 33716 (Attn. David Glogoff, Chief Legal Officer);

(ii) proposed counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn. Gary Holtzer and Ronit J. Berkovich);

(iii) proposed co-counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE 19801 (Attn: Mark D. Collins and Jason M. Madron);

(iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman);

(v) counsel to the DIP lenders and the ad hoc group of lenders under the First Lien Credit Agreement, Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg, Esq. and Michael J. Cohen, Esq.);

(vi) co-counsel to the DIP lenders and the ad hoc group of lenders under the First Lien Credit Agreement, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, Wilmington, DE 19801 (Attn: Laura Davis Jones, Esq.);

(vii) counsel to certain of the DIP lenders and an ad hoc group of certain holders of term loans under the Second Lien Term Loan, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Brian S. Hermann, Esq., and Robert A. Britton, Esq.);

(viii) co-counsel to certain of the DIP lenders and an ad hoc group of certain holders of term loans under the Second Lien Term Loan, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan, Esq.);

(ix) counsel to JPMorgan Chase Bank, N.A., as administrative agent under the First Lien Credit Agreement, Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, NY 10017 (Attn: Brian M. Resnick, Esq.);

(x) counsel to Wilmington Savings Fund Society, FSV, as administrative agent under the Second Lien Credit Agreement, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007 (Attn.: Andrew N. Goldman, Esq.); and

(xi) counsel to an ad hoc group of holders of the HoldCo PIK Toggle Notes of PDM Intermediate Holdings B Corporation, Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022 (Attn: My Chi To, Esq.).

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AT THE COMBINED HEARING.**

### Section 341(a) Meeting

A meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "**Section 341(a) Meeting**") will be deferred until confirmation of the Prepackaged Plan. **The Section 341(a) Meeting will not be convened if the Prepackaged Plan is confirmed within sixty (60) days after the Petition Date.** If the Section 341(a) Meeting will be convened, the Debtors will file, serve on the parties on whom it served this notice and any other parties entitled to notice pursuant to the Bankruptcy Rules, and post on the Website https://cases.primeclerk.com/Catalina not less than twenty-one (21) days before the date scheduled for such meeting, a notice of, among other things, the date, time, and place of the Section 341(a) Meeting. The meeting may be adjourned or continued from time to time by notice at the meeting, without further notice to creditors.

Dated: December 13, 2018
      Wilmington, Delaware              BY ORDER OF THE COURT

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | RICHARDS, LAYTON & FINGER, P.A. |
| 767 Fifth Avenue | One Rodney Square |
| New York, New York 10153 | 920 North King Street |
| Telephone: (212) 310-8000 | Wilmington, Delaware 19801 |
| Facsimile: (212) 310-8007 | Telephone: (302) 651-7700 |
| Gary T. Holtzer (admitted *pro hac vice*) | Facsimile: (302) 651-7701 |
| Ronit J. Berkovich (admitted *pro hac vice*) | Mark D. Collins (No. 2981) |
| Jessica Liou (admitted *pro hac vice*) | Jason M. Madron (No. 4431) |
| Kevin Bostel (admitted *pro hac vice*) | |
| | *Proposed Attorneys for Debtors and Debtors in Possession* |
| *Proposed Attorneys for Debtors and Debtors in Possession* | |