IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| CHECKOUT HOLDING CORP., *et al.*, | Case No. 18-12794 (KG) |
| Debtors.[1] | Jointly Administered |
| | Hearing Date: January 11, 2019 at 9:00 a.m.<br>Objection Deadline: January 4, 2019 at 4:00 p.m. |

## APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Checkout Holding Corp. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") file this application (this "**Application**") for the entry of an order (the "**Order**"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain Richards, Layton & Finger, P.A. ("**RLF**") as their co-counsel effective *nunc pro tunc* to December 12, 2018 (the "**Petition Date**"). In support of this Application, the Debtors submit the affidavit of Jason M. Madron, Counsel at RLF (the "**Madron Affidavit**"), attached hereto as **Exhibit B**, and the declaration of David Glogoff, Chief Legal Officer of the Debtors (the "**Glogoff Declaration**"), attached hereto as **Exhibit C**. In further support of this Application, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

## Background

1. On the Petition Date, the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. These chapter 11 cases have been jointly administered for procedural purposes only pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

3. Before the Petition Date, the Debtors, with the support of their secured lenders, began the solicitation of votes on their *Joint Prepackaged Chapter 11 Plan of Checkout Holding Corp. and Its Affiliated Debtors* (the "**Prepackaged Plan**"), through their *Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Checkout Holding Corp. and Its Affiliated Debtors* pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. The Debtors expect that the Prepackaged Plan will be accepted by all classes entitled to vote in excess of the statutory thresholds specified in section 1126(c) of the Bankruptcy Code. Consistent with their obligations under that certain *Restructuring Support Agreement*, dated as of December 11, 2018 2018 (as amended from time to time and including all exhibits thereto), the Debtors are seeking to emerge from chapter 11 on an expedited timeframe.

4. Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the

*Declaration of Robert A. Del Genio* [D.I. 14] (the "**Del Genio Declaration**"), which was filed on the Petition Date.[2]

## Jurisdiction and Venue

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013–1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6. By this Application, pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1, 2016-2, 9010-1(c), and 9010-1(d), the Debtors seek entry of an Order authorizing the employment and retention of RLF as their co-counsel in accordance with the terms and conditions set forth in that certain engagement letter, dated as of November 27, 2018, between the Debtors and RLF (the "**Engagement Letter**"), a copy of which is attached hereto as **Exhibit D** and incorporated herein by reference.

## RLF'S QUALIFICATIONS

7. The Debtors have selected RLF on the basis of its recognized experience in the field of debtors' and creditors' rights and business reorganizations and liquidations under

---

[2] Capitalized terms used, but not defined, in this Application have the same meanings used in the Del Genio Declaration.

chapter 11 of the Bankruptcy Code; its expertise, experience, and knowledge practicing before this Court; its proximity to the Court; and its ability to respond quickly to emergency hearings and other emergency matters before this Court.

8. RLF has been actively involved in numerous major chapter 11 cases, and this Court has entered orders approving RLF's retention to represent debtors in many cases, including recently: *In re The Nordam Group, Inc.*, Case No. 18-11699 (MFW) (Bankr. D. Del. July 22, 2018); *In re The Rockport Company, LLC*, Case No. 18-11145 (LSS) (Bankr. D. Del. May 14, 2018); *In re Southeastern Grocers, LLC*, Case No. 18-10700 (MFW) (Bankr. D. Del. Mar. 27, 2018); *In re Claire's Stores, Inc.*, Case No. 18-10584 (MFW) (Bankr. D. Del. Mar. 19, 2018); *In re The Weinstein Company Holdings, LLC*, Case No. 18-10601 (MFW) (Bankr. D. Del. Mar. 19, 2018); *In re ExGen Texas Power, LLC*, Case No. 17-12377 (BLS) (Bankr. D. Del. Nov. 7, 2017); *In re TerraVia Holdings, Inc.*, Case No. 17-11655 (CSS) (Bankr. D. Del. Aug. 2, 2017); *In re TK Holdings Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. June 25, 2017); *In re Tidewater Inc.*, Case No. 17-11132 (BLS) (Bankr. D. Del. May 17, 2017); *In re GulfMark Offshore, Inc.*, Case No. 17-11125 (KG) (Bankr. D. Del. May 17, 2017); *In re Panda Temple Power, LLC*, Case No. 17-10839 (LSS) (Bankr. D. Del. Apr. 17, 2017); *In re Homer City Generation, L.P.*, Case No. 17-10086 (MFW) (Bankr. D. Del. Jan. 11, 2017); *In re Bonanza Creek Energy, Inc.*, Case No. 17-10015 (KJC) (Bankr. D. Del. Jan. 4, 2017); *In re Basic Energy Servs., Inc.*, Case No. 16-12320 (KJC) (Bankr. D. Del. Oct. 25, 2016); *In re Am. Gilsonite Co.*, Case No. 16-12316 (CSS) (Bankr D. Del. Oct. 24, 2016); *In re Golfsmith Int'l Holdings, Inc.*, Case No. 16-12033 (LSS) (Bankr. D. Del. Sep. 14, 2016); and *In re Hancock Fabrics, Inc.*, Case No. 16-10296 (BLS) (Bankr. D. Del. Feb. 2, 2016).[3]

---

[3] Because of the voluminous nature of the orders cited herein, they are not attached to the Application but are available upon request to Debtors' counsel.

9.      In addition, RLF is familiar with the Debtors and their business, including the Debtors' financial affairs, debt structure, operations, and related matters. Accordingly, RLF is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and a timely manner.

## SERVICES TO BE PROVIDED

10.     Subject to further order of the Court and consistent with the Engagement Letter, RLF has or will render the following professional services (collectively, the "**Services**"):

(a) Prepare and file petitions, motions, applications, orders, reports, and papers necessary or desirable to commence the chapter 11 cases;

(b) Coordinate with the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and the Bankruptcy Court, to the extent necessary, for the purpose of facilitating the orderly administration and prosecution of the chapter 11 cases;

(c) Assist the Debtors' lead bankruptcy counsel with the preparation, review, and filing, on behalf of the Debtors, of all motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' chapter 11 cases;

(d) Advise the Debtors of their rights, powers, and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code, and taking action to protect and preserve the Debtors' estates;

(e) Attend any and all hearings held before the Bankruptcy Court, or any other court in connection with, or arising out of, the Debtors' chapter 11 cases; and

(f) Perform all other necessary or desirable legal services in connection with the restructuring process and the chapter 11 cases.

11.     As set forth in the Madron Affidavit, RLF has stated its desire and willingness to act in the Debtors' cases and render the necessary professional services as co-counsel to the Debtors on the terms described herein, and to subject itself to the jurisdiction of the Court. RLF understands that the Debtors have chosen Weil, Gotshal & Manges LLP ("**Weil**") to serve as lead bankruptcy counsel to the Debtors. RLF has worked and will continue to work closely with

Weil to prevent any duplication of efforts in the course of advising the Debtors. The employment of RLF is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession and to implement their reorganization.

## PROFESSIONAL COMPENSATION

12. Subject to the approval of this Court, in accordance with sections 327, 328, and 330 of the Bankruptcy Code and as set forth in the Madron Affidavit, compensation will be paid to RLF on an hourly basis at the customary hourly rates in effect when services are rendered, plus reimbursement of actual, necessary expenses and other charges incurred by RLF according to its customary reimbursement policies. The Debtors respectfully submit that such rates are reasonable.

13. RLF intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, on an hourly basis.

14. As set forth in the Madron Affidavit, RLF has not shared or agreed to share any of its compensation from the Debtors with any other persons, other than the directors of RLF, as permitted by section 504 of the Bankruptcy Code.

15. As set forth in the Madron Affidavit, the Debtor does not owe RLF any amount for services rendered or expenses incurred prior to the Petition Date, and thus RLF is not a prepetition creditor of the Debtors.

## EVERGREEN RETAINER

16. As set forth in the Madron Affidavit, RLF received a retainer in the amount of $200,000.00 on December 7, 2018 (the "**Retainer**") from the Debtors, as compensation for

professional services rendered and reimbursement for expenses incurred in connection with the commencement of these chapter 11 cases. The Debtors propose that the remainder of the Retainer paid to RLF, and not expended for prepetition services and disbursements, be treated as an evergreen retainer to be held by RLF as security throughout these chapter 11 cases until RLF's fees and expenses are awarded by final order and payable to RLF.

17. In this district, evergreen retainer agreements reflect normal business terms in the marketplace. *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("[T]he practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's."). Moreover, RLF believes that its request for approval of an evergreen retainer in this case satisfies the five-part test articulated by Judge Carey in *Insilco*. First, RLF submits that the proposed terms of its engagement reflect normal business terms in the marketplace. Second, RLF submits that both it and the Debtors are sophisticated business entities that have negotiated the Retainer at arm's length. Third, RLF believes that approval of the Retainer as an evergreen retainer is in the best interest of the Debtors' estates. Indeed, at this crucial stage of the Debtors' chapter 11 cases, RLF believes that it is essential that the Debtors have immediate and uninterrupted access to sophisticated Delaware co-counsel to assist in the prosecution of their bankruptcy cases. Fourth, RLF is currently unaware of any creditor opposition to the approval of the Retainer as an evergreen retainer. Fifth, given the size, circumstances, and posture of the Debtors' chapter 11 cases, RLF believes approval of the Retainer as an evergreen retainer provides it with an appropriate level of risk minimization in connection with the payment of its prospective fees and costs. Indeed, in similar circumstances, this Court has overruled opposition from the U.S. Trustee and approved professional retainers as evergreen retainers. *See* Transcript

of Record at 42: lines 7-22, *In re Capmark Fin. Group Inc.*, Case No. 09-13684 (CSS) (Bankr. D. Del. Dec. 10, 2009).

18. Given the extensive nature of the services that RLF will provide to the Debtors, the retention of RLF under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession and to implement the reorganization of the Debtors.

## RLF'S DISINTERESTEDNESS

19. In connection with the proposed retention by the Debtors in these chapter 11 cases, RLF received a list identifying numerous parties-in-interest from the Debtors (the "**Parties-in-Interest**").

20. To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Madron Affidavit, (a) RLF is not a creditor, equity security holder, or insider of the Debtors; (b) none of RLF's directors, counsel, or associates is, or was within two years of the Petition Date, a director, officer, or employee of the Debtors; (c) RLF neither holds nor represents an interest materially adverse to the Debtors or their estates; and (d) RLF has not represented any of the Debtors' creditors, equity security holders, or any of the other Parties-in-Interest in any matter relating to the Debtors or their estates. Consequently, the Debtors believe that RLF is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of RLF is necessary and in the best interests of the Debtors, their estates and creditors, and all other Parties-in-Interest.

21. RLF will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. Pursuant to Local Rule 2014-1, to the extent that RLF learns of any additional material information relating to its employment (such as potential or

actual conflicts of interest), RLF will file and serve a supplemental affidavit with the Court setting forth the additional information.

## BASIS FOR RELIEF

22. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C § 327(a).

23. Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

24. The terms and conditions of the Engagement Letter were negotiated by the Debtors and RLF at arm's length and in good faith. The Debtors and RLF respectfully submit that the terms of RLF's retention are customary and reasonable for co-counsel engagements, both out-of-court and in comparable chapter 11 cases, and in the best interests of the Debtors' estates, creditors, and all Parties-in-Interest.[4]

---

[4] Moreover, pursuant to Local Rules 9010-1(c) and 9010-1(d), the Debtors are required to retain Delaware counsel.

## NOTICE

25. Notice of this Application shall be provided on the date hereof via U.S. first class mail to: (i) the U.S. Trustee; (ii) the holders of the five (5) largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg, Esq. and Michael J. Cohen, Esq.) and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, Wilmington, DE 19801 (Attn: Laura Davis Jones, Esq.), as counsel to the DIP lenders and the ad hoc group of lenders under the First Lien Credit Agreement; (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Brian S. Hermann, Esq. and Robert A. Britton, Esq.) and Young Conaway Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801 (Attn: Pauline K. Morgan, Esq.), as counsel to an ad hoc group of certain holders of term loans under the Second Lien Term Loan, dated as of April 9, 2014; (vi) Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, NY 10017 (Attn: Brian M. Resnick, Esq.) and Landis Rath & Cobb LLP, 919 Market Street, Wilmington, DE 19801 (Attn: Adam Landis, Esq. and Kerri Mumford, Esq.), as counsel to JPMorgan Chase Bank, N.A., as administrative agent under the First Lien Credit Agreement; (vii) Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007 (Attn: Andrew N. Goldman, Esq.), as counsel to Wilmington Savings Fund Society, FSB, as administrative agent under the Second Lien Credit Agreement; (viii) Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022 (Attn: My Chi To, Esq.), as counsel to an ad hoc group of holders of the HoldCo PIK Toggle Notes of PDM Intermediate Holdings B Corporation; (ix) the Internal Revenue Service; (x) the United States Attorney's Office for the

District of Delaware; and (xi) any party that has requested notice under Bankruptcy Rule 2002 and Local Rule 2002-1(b).

26. The Debtors submit that no other or further notice is necessary under the circumstances.

## NO PRIOR APPLICATION

27. The Debtors have not made any prior application for the relief sought in this Application to this Court or any other.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is appropriate under the circumstances.

Dated: December 21, 2018
      St. Petersburg, Florida

                                      */s/ Shelly Schaffer*
                                      NAME: Shelly Schaffer
                                      TITLE: Chief Financial Officer