## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                        :

In re                       :         **Chapter 11**

                        :

**CHECKOUT HOLDING CORP.,** *et al.,*   :         **Case No. 18-12794 (KG)**

                        :

           **Debtors.**[1]      :         **Jointly Administered**

                        :

                        :         **Re: D.I. 9, 128**

-------------------------------------------------------- X

## FINAL ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON (A) CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS AND (B) CLAIMS OF CERTAIN WORTHLESS STOCK DEDUCTIONS

Upon the motion (the "**Motion**")[2] of Checkout Holding Corp. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of interim and final orders authorizing the Debtors to establish procedures to protect the potential value of the Debtors' consolidated net operating loss carryforwards (the "**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors, all as more fully set forth in the Motion; and this Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Motion.

the United States District Court for the District of Delaware, dated February 29, 2012; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been given as provided in the Motion, and

such notice having been adequate and appropriate under the circumstances; and it appearing that

no other or further notice need be provided; and this Court having reviewed the Motion; and a

hearing having been scheduled to consider the relief requested in the Motion on a final basis (the

"**Hearing**"); and upon the Del Genio Declaration, filed contemporaneously with the Motion, the

record of the Hearing (if one was held), and all of the proceedings had before this Court; and this

Court having found and determined that the relief sought in the Motion is in the best interests of

the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The provisions of this Final Order shall be effective *nunc pro tunc* to the

Petition Date.

3.      The restrictions, notification requirements, and other procedures annexed

hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply to all trading and

transfers of, and worthless stock deduction claims with respect to, interests in the Debtors;

provided, that, the Debtors may, with the consent of the Ad Hoc First Lien Group and Ad Hoc

Second Lien Group (each as defined in the Del Genio Declaration), waive in writing, any and all

restrictions, stays, and notification procedures set forth in the Procedures.

4.      Until further order of this Court to the contrary, any acquisition, disposition, or trading of, or worthless stock deduction claim with respect to any stock issued by PDM Group Holdings Corporation ("**Common Stock**") in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.  For purposes of this Final Order, any trades made before the entry of the Interim Order shall not be subject to this Final Order.

5.      Any person or Entity that acquires, disposes of, or trades Common Stock in violation of this Final Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a worthless stock deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5** and **Exhibit 6** are hereby approved.

7.      Nothing herein shall preclude any person or Entity desirous of acquiring or transferring, or making worthless stock deduction claims with respect to any interest in the Debtors from requesting relief from this Final Order from this Court, subject to the Debtors' and other interested parties' (including the Ad Hoc First Lien Group and Ad Hoc Second Lien Group (each as defined in the Del Genio Declaration)) rights to oppose such relief.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

9.      The relief granted in this Final Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other

than to the extent that this Final Order expressly conditions or restricts trading in, or making worthless stock deduction claims with respect to, interests in the Debtors, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under the Prepackaged Plan or any applicable bankruptcy court order.

10.     Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

11.     The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

12.     Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order.

14.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

Dated: January 10th, 2019
Wilmington, Delaware

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE