## Exhibit 1 to Final Order

## Procedures

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
:
In re                                                                      :          Chapter 11
:
CHECKOUT HOLDING CORP., *et al.*,                 :          Case No. 18-12794 (KG)
:
Debtors.[1]                                                    :          Jointly Administered
:
:
------------------------------------------------------------ X

NOTICES, RESTRICTIONS, AND
OTHER PROCEDURES REGARDING (A) OWNERSHIP
AND TRANSFERS OF INTERESTS IN THE DEBTORS AND (B) CLAIMS OF
<u>CERTAIN WORTHLESS STOCK DEDUCTIONS</u>

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions* (the "**Final Order**") entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on _____, 2019, D.I. [_____], the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of interests in the Debtors and all claims of worthless stock deductions with respect to interests in the Debtors.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Final Order.

A. **Common Stock Restrictions**

(1) <u>Definitions</u>.  For purposes of these Procedures, the following terms have the following meanings:

(a) "**Common Stock**" shall mean any stock issued by PDM Group Holdings Corporation.

(b) "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(c) "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire Common Stock.

(d) "**Berkshire Stockholders**" shall mean each of Berkshire Fund VIII, L.P., Berkshire Fund VIII-A, L.P., Berkshire Investors III LLC, and Berkshire Investors IV LLC.

(e) "**Majority Stockholder**" shall mean (i) any person that beneficially owns at least 409,736,340 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or (ii) any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Common Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date, which, for the avoidance of doubt, shall include the Berkshire Stockholders.

(f) "**Substantial Stockholder**" shall mean any "entity" (as such term is defined in Treasury Regulations section 1.382-3(a), an "**Entity**") or person that beneficially owns at least 40,973,634 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock).

(2) <u>Notice of Substantial Ownership</u>.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with the Bankruptcy Court, and serve upon (a) the Debtors, 200 Carillon Parkway, St. Petersburg, FL 33716 (Attn: Shelly Schaffer and David Glogoff, Esq.); (b) counsel to the Debtors, (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq.; Ronit J. Berkovich, Esq.; Jessica Liou, Esq.; and Kevin Bostel, Esq.) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street,

7

Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason M. Madron, Esq.); (c) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); and (d) Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg, Esq. and Michael J. Cohen, Esq.) and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, Wilmington, DE 19801 (Attn: Laura Davis Jones, Esq.), as counsel to the lenders under the Debtors' proposed debtor in possession financing facility and that ad hoc group of lenders under the First Lien Credit Agreement (the "**Ad Hoc First Lien Group**"); and (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Brian S. Hermann, Esq. and Robert A. Britton, Esq.), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801 (Attn: Pauline K. Morgan, Esq.), as counsel to that ad hoc group of holders of term loans under the Second Lien Term Loan (the "**Ad Hoc Second Lien Group**") (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Final Order as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder. At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder taxpayer identification number.

(3) <u>Acquisition of Common Stock</u>. At least twenty (20) business days prior to the proposed date of any transfer of Common Stock or exercise of any Option to acquire Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person or Entity (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Final Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction. At the election of the Substantial Stockholder, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number.

(4) <u>Disposition of Common Stock</u>. At least twenty (20) business days prior to the proposed date of any transfer or other disposition of Common Stock that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Stockholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading**

**Notice**"), in substantially the form annexed to the Final Order as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction. At the election of the Substantial Stockholder, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number.

(5)   <u>Notice of Status as a Majority Stockholder</u>. Any person that currently is or becomes a Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Stockholder Notice**"), in substantially the form annexed to the Final Order as **Exhibit 5**, which describes specifically and in detail such person's ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person qualifies as a Majority Stockholder. At the election of the Majority Stockholder, the Majority Stockholder Notice to be filed with the Bankruptcy Court (but not the Majority Stockholder Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

(6)   <u>Notice of Intent to Claim a Worthless Stock Deduction</u>. At least twenty (20) business days before a Majority Stockholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending before the effective date of the Plan, such Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Final Order as **Exhibit 6**. At the election of the Majority Stockholder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

(7)   <u>Objection Procedures</u>. The Debtors, the Ad Hoc First Lien Group, the Ad Hoc Second Lien Group, and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, or a Majority Stockholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice. If the Debtors, the Ad Hoc First Lien Group, the Ad Hoc Second Lien Group, or any Creditors' Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court. If none of the Debtors, the Ad Hoc First Lien Group, the Ad Hoc Second Lien Group, or any Creditors' Committee file an Objection by the Objection Deadline or if the Debtors, the Ad Hoc First Lien Group, the Ad Hoc Second Lien Group, and any and all Creditors' Committees provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Stockholder, as applicable, approving the Proposed Transaction or the Worthless Stock

9

Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice. Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

B.  **Noncompliance with the Procedures**

Any acquisition, disposition, or trading of, or claim of worthless stock deduction with respect to Common Stock in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code. In the event that a Majority Stockholder claims a Worthless Stock Deduction in violation of these Procedures, such holder shall be required to file an amended federal income tax return revoking such deduction. Furthermore, any person or Entity that acquires, disposes of, or trades, or claims a worthless stock deduction with respect to Common Stock in violation of these Procedures shall be subject to sanctions as provided by law.

C.  **Debtors' Right to Waive**

**The Debtors may, with the consent of the Ad Hoc First Lien Group and the Ad Hoc Second Lien Group waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**

Dated:   Wilmington, Delaware              **BY ORDER OF THE COURT**
         [_____], 2019