IN THE UNITED STATES BANKRUPTCY COURT
DISCTICT OF DELAWARE

| | |
|---|---|
| **In re:** | Case No. 18-12794 |
| **CHECKOUT HOLDING CORP.,** *et al.,* | |
| **Debtors.** | Chapter 11 |

**TEXAS TAXING JURISDICTIONS' OBJECTIN TO THE CONFIRMATION OF
<u>DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN</u>**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Anderson County, Bastrop County, Bell CAD, Bowie CAD, Brazos County, Burnet CAD, Calhoun CAD, Comal County, Coryell County, Denton County, Erath County, Guadalupe County, Harrison CAD, Harrison County, Hays County, Henderson County, Jasper County, City of Waco and/or Waco I. S. D., Midland CAD, Taylor CAD, Wharton County, and Williamson County (collectively, the "Texas Taxing Jurisdictions"), creditors and parties-in interest, and file this objection to the Debtors' Joint Prepackaged Chapter 11 Plan (the "Plan") and would respectfully show the Court the following:

1. The Texas Taxing Jurisdictions are the holders of claims for pre-petition ad valorem real and business personal property taxes for tax year 2018 assessed and 2019 estimated against the property of the Debtors in the aggregate amount of $10,537.79.

2. Texas Tax Code Section 32.01 provides that on January 1 of each year, a tax lien attaches to the property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

3. Texas Tax Code Section 32.01 also provides a tax lien on inventory, furniture,

equipment, or other personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

4. These claims arise from property taxes for the 2018-2019 tax years on the Debtors' property described as personal property located in this ad valorem tax jurisdiction. On January 1, 2019, personal liability arose and a statutory lien attached for the 2019 tax year. The laws of the State of Texas, Property Tax Code, Section 32.05(b), gives this claim a superior position over all other claims against this property. *Stanford v. Butler*, 826 F.2d 353 (5th Cir. 1987), 11 USC § 506; *Universal Seismic Associates, Inc.*, 288 F.3d 205 (5th Cir. 2002); *In Re Winn's Stores, Inc.*; 177 B.R. 253 (Bktcy W.D. Tex 1995).

5. The Plan provisions which deal with the secured claims of the Texas Taxing Jurisdictions fails to provide fair and equitable treatment to these secured claims as required by 1129(b)(1) and (2)(A) in that:

    a. The ad valorem tax liens for all tax years should remain in full force and effect until the taxes, as well as any penalties or interest that may ultimately accrue thereunto, have been paid in full;

    b. The Texas Taxing Jurisdictions are entitled to express retention of all property tax liens currently securing their claims until all taxes and interest protected by those liens have been paid as to any properties affected in any manner by this plan;

    c. The Texas Taxing Jurisdictions are entitled to interest from the petition date through the Effective Date under 11 USC § 506(b), as well as from the Effective Date until paid in full under § 1129(b), at the statutory rate of 1% per month as required by 11 USC § 511;

d. To the extent that the debtor intends to pay out these ad valorem tax claims, The Texas Taxing Jurisdictions are entitled to equal monthly payments in cash over a period ending not later than five years after the Petition Date.

WHEREFORE, the Texas Taxing Jurisdictions object to the Debtors' Chapter 11 Plan and request this Court to order appropriate provisions to assure the protection of the position of their secured tax claims and further request other such and such relief as is just and proper.

Dated: January 22, 2019

                                                         Respectfully Submitted,

                                                         **McCREARY, VESELKA, BRAGG & ALLEN, P.C.**

By:   */s/ Tara LeDay*
        Tara LeDay (TX 24106701)
        P. O. Box 1269
        Round Rock, TX 78680-1269
        Telephone: (512) 323-3200
        Fax: (512) 323-3500
        Email: tleday@mvbalaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 22, 2019, a true and correct copy of the above Objection to the Debtors' Plan was served electronically through the Court's case filing system.

*/s/ Tara LeDay*
Tara LeDay