## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHECKOUT HOLDING CORP., *et al.*,[1] | ) | Case No. 18-12794 (KG) |
| | ) | Jointly Administered |
| Debtors. | ) | **Re: D.I. 11** |

## OBJECTION OF DOLE PACKAGED FOODS, LLC TO
## JOINT PREPACKAGED CHAPTER 11 PLAN OF
## <u>CHECKOUT HOLDING CORP. AND ITS AFFILIATED DEBTORS</u>

Dole Packaged Foods, LLC ("Dole"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Joint Prepackaged Chapter 11 Plan of Checkout Holding Corp. and its Affiliated Debtors* (the "Plan"), (D.I. 11).

### <u>Background</u>

1.     Pre-Petition, Dole and debtor Catalina Marketing Corporation became parties to that certain Catalina Marketing Manufacture Agreement dated Feb. 2, 2015 (as amended, the "MMA"[2]), pursuant to which Dole currently spends more than $5M annually with the Debtors.  It is Dole's understanding that at least a portion of the MMA relates to "Advanced Payment Campaign Obligations," as that term is defined in the first day *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Interim and Final Authority to (I) Maintain and Administer Prepetition Customer Programs and (II) Pay and Honor Related Prepetition Obligations*, [D.I. 7].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); CellFire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation; PDM Holdings Corporation; PDM Intermediate Holdings A Corporation; and PDM Intermediate Holdings B Corporation.  The Debtors' principal officers are located at 200 Carillon Parkway, St. Petersburg, FL  33716.

[2] A copy of the MMA is available upon written request to Dole's undersigned counsel, subject potentially to redaction and/or execution of a non-disclosure agreement satisfactory to Dole.

2.      Presently, the pre-paid balance in Dole's favor is approximately $29,713, which Dole anticipates will be earned out by March 2019.

### The Objection; Basis Therefore

3.      Dole objects to certain provisions of the Plan relating to releases, exculpation, injunctions pertaining thereto, and recoupment, each as demarked via the underlining set forth below:

4.      The Plan provides, in relevant part, as follows:

> ***Exculpated Parties*** means collectively, and in each case in their capacities as such during the Chapter 11 Cases:  (i) the Debtors, (ii) the Reorganized Debtors, and (iii) <u>with respect to each of the foregoing entities, such entities' subsidiaries, affiliates,</u> current and former officer and directors, principals, <u>shareholders,</u> members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and all other retained estate professionals.

Plan, at Art. I, ¶ 1.1, p. 7 (emphasis supplied).

> ***Released Parties*** means, collectively, and in each case in their capacities as such:  (i) the Debtors and the Reorganized Debtors; (ii) <u>the Debtors' non-Debtor affiliates;</u> (iii) the Berkshire Funds; (iv) the Restructuring Support Parties; (v) JPM; (vi)the Second Lien Agent; and (vii) the DIP Facility lenders; <u>and with respect to each of the foregoing entities and their affiliates,</u> <u>their predecessors, successors, assigns, subsidiaries, affiliates,</u> managed accounts and funds, current and former officers and directors, principals, <u>stockholders, shareholders,</u> members, partners, managers, employees, <u>subcontractors,</u> agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, <u>management companies,</u> fund advisors, and other professionals, <u>and such entities' respective heirs, executors, estates, servants, and nominees.</u>

Plan, at Art. I, ¶ 1.1, p. 11 (emphasis supplied).

> (b)      Releases by Holders of Claims and Interests.  As of the Effective Date, except for the rights and remedies that remain in effect from and after the Effective Date to enforce this Plan and the

Plan Documents, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of and contribution of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, the Released Parties are deemed forever released and discharged by the (i) the holders of all Claims and Interests who vote to accept this Plan, (ii) holders of Claims or interests that are Unimpaired under this Plan, where the applicable Claims and Interests have been fully paid or otherwise satisfied in accordance with this Plan, (iii) holders of Claims or Interests whose vote to accept or reject this Plan was solicited but who voted to reject this Plan but did not opt out of granting the releases set forth herein, (v) the Restructuring Support Parties, (vi) the First Lien Agent, (vii) the Second Lien Agent, (viii) the DIP Facility Agent, and (ix) the DIP Facility Lenders, from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the Restructuring Transactions, the DIP Facility, the Amended and Restated First Lien Credit Facility, the negotiation, formulation, or preparation of the Disclosure Statement, the Restructuring Support Agreement and any exhibits or documents relating thereto, this Plan and related agreements, instruments, and other documents (including the Plan Documents), the solicitation of votes with respect to this Plan, any other act or omission, or any other relief obtained by the Debtors in the Chapter 11 Case, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act or constitutes intentional fraud, gross negligence, or willful misconduct; *provided*, that solely for purposes of this section 10.7(b), the Berkshire Funds shall be excluded from the definition of Released Party if they have not executed the Restructuring Support Agreement on or before the deadline established in the Plan for filing the Plan Supplement and become a consenting Sponsor.

Plan, at Art. X, ¶ 10.7(b), p. 47 (emphasis supplied).

### 10.8    *Exculpation.*

To the extent permitted by applicable law, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim in connection with or arising out of the administration of the Chapter 11 Cases; the negotiations and pursuit of the DIP Facility, the Amended and Restated First Lien Credit Facility, the Management Incentive Plan, the Disclosure Statement, the Restructuring Support Agreement, the Restructuring Transactions, and this Plan (including the Plan Documents), or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan, the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; the issuance of Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for intentional fraud, gross negligence, or willful misconduct, but in all respects such entities shall be entitled to reasonably reply upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.  The Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of Securities pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from Liability.

Plan, at Art. X, ¶ 10.8, p. 47 (emphasis supplied).

### 10.9    *Injunction Related to Releases and Exculpation.*  From and after the Effective Date, all entities are permanently enjoined from commencing or continuing in any matter, any suit, action, or other proceeding, on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, Interest, or remedy released or to be released pursuant to this Plan or the Confirmation Order.

4

Plan, at Art. X, ¶ 10.9, p. 48 (emphasis supplied).

> **10.14  _Recoupment._**
>
> In no event shall any holder of a Claim be entitled to recoup such Claim against any Claim, right, or Cause of Action of the Debtors or the Reorganized Debtors, as applicable, unless such holder actually has performed such recoupment and provided notice thereof in writing to the Debtors <u>on or before the Confirmation Date, notwithstanding any indication in any Proof of Claim or otherwise that such holder asserts, has, or intends to preserve any right of recoupment</u>.

Plan, at Art. X, ¶ 10.14, p. 49 (emphasis supplied).

5.    Each of the objectionable provisions demarked above shall be addressed seriatim, as follows:

A.  <u>Exculpated Parties</u>.  The Plan contains no explanation supporting the Debtors' attempt to define the term "Exculpated Parties" to include such entities' subsidiaries, affiliates, or shareholders.  These entities are not specifically identified by name in the Plan.  Dole is unaware who these entities are and why they should be entitled to exculpation.  This definition is overbroad in scope and should be revised in accordance herewith.

B.  <u>Released Parties</u>.  The Plan contains no explanation supporting the Debtors' attempt to define the term "Released Parties" to include the Debtors' non-Debtor affiliates, and additionally, to include their, as well as any other named releasee's, predecessors, successors, assigns, subsidiaries, _affiliates_, stockholders, shareholders, subcontractors, management companies, and such entities' respective heirs, executors, estates, servants, and nominees.  These entities are not specifically identified by name in the Plan.  Dole is unaware who these entities are and why they should be entitled to release, especially as the definition relates to the Debtors' non-Debtor affiliates, as well as _their_ affiliates.  This definition is overbroad in scope and should be revised in accordance herewith.

C. <u>Releases by Holders of Claims and Interests</u>.  The Plan fails to define the term "applicable" as it relates to Claims that have been fully paid or otherwise satisfied in accordance with the Plan, which holders of Claims are to be deemed to have released.  Moreover, such applicable Claims purportedly include all that, "are held by Holders of Claims, that such *holders or their affiliates* would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, … [or] the business or contractual arrangements between any Debtor and any Released Party … [or] any other act or omission…."  The Debtors offer no explanation why this section should provide that the *affiliates* of Holders of Claims should be deemed to have granted releases.  The provisions of this section are overbroad in scope and should be revised in accordance herewith.

Furthermore, this section of the Plan references an apparent ability to "opt-out" of granting the releases contained in the Plan, but no such opportunity was provided to Dole.  This circumstance is unfair and inappropriate.

D. <u>Exculpation</u>.  This section seeks to grant certain *releases* to the Exculpated Parties even though the definitions of Exculpated Parties and Released Parties are not the same.  To the extent that the Court adjusts either or both of these definitions -- as Dole has requested above -- the operation of this section as presently worded could unwind the relief Dole is seeking.  Likewise, while the definition of Exculpated Parties already includes -- inappropriately in Dole's view -- such entities' *affiliates*, this section independently seeks to apply the *releases* and exculpations it contemplates to the Excluded Parties' *affiliates*. Again, Dole is unaware who these entities are and why they should be entitled to release

or exculpation, especially as the operation of the section pulls within its ambit the affiliates of the affiliates of the Debtors' non-Debtor affiliates.  Indeed, this section further states that the exculpations it contemplates, "shall be in addition to, and not in limitation of, all other *releases*, *indemnities*, exculpations, and *any other applicable law or rules protecting such Exculpated Parties from Liability*."  In particular, but without apparent limitation, such *releases* and exculpations are intended to apply to, "the transactions in furtherance of any of the foregoing,"  i.e., "any claim in connection with or arising out of the administration of the Chapter 11 Cases; the negotiations and pursuit of the DIP Facility, the Amended and Restated First Lien Credit Facility, the Management Incentive Plan, the Disclosure Statement, the Restructuring Support Agreement, the Restructuring Transactions, and this Plan (including the Plan Documents), or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan, the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; the issuance of Securities under or in connection with this Plan."  This language is overbroad and could work an inconsistency in the event the relief Dole is requesting is granted as to the definitional terms but not the related operative sections.

E. <u>Injunction Related to Releases and Exculpation</u>.  This section seeks to enjoin "all entities" from pursuing "any remedy released or to be released under the Plan."  Given the Plan's application of the word "affiliates" not only to the Holders of Claims, but also to the Debtors; the Reorganized Debtors; the Debtors' non-Debtor Affiliates; the Berkshire Funds; the Restructuring Support Parties; JPM; the Second Lien Agent; the DIP Facility lenders; and with respect to each of the foregoing entities *and their affiliates*, their predecessors, successors, assigns, subsidiaries, *affiliates*, managed accounts and funds,

current and former officers and directors, principals, stockholders, shareholders, members, partners, managers, employees, subcontractors, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other professionals, and such entities' respective heirs, executors, estates, servants, and nominees, the operation of this pithy 55-word injunction risks overreach.

F.  <u>Recoupment</u>.  Finally, the Debtors offer no explanation as to why Holders of Claims should be prohibited from asserting any right of recoupment not actually taken on or before the Confirmation Date, even where the intention to preserve such right has already been asserted.  This is especially true where, as here, the resolution of Disputed Claims is contemplated to take place in the ordinary course of business as between the parties.  This provision is inappropriate and should be excised.

<u>**Conclusion**</u>

WHEREFORE, Dole Packaged Foods, LLC respectfully requests that the Court (i) deny confirmation of the *Joint Prepackaged Chapter 11 Plan of Checkout Holding Corp. and its Affiliated Debtors* unless and until the Plan and/or Order granting confirmation thereof is revised so as to be consistent herewith, and (ii) grant to Dole such other and further relief as the Court deems just and proper.

Date:  January 24, 2019
       Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ E.E. Allinson III*
Elihu E. Allinson III (No. 3476)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

*Attorneys for Dole Packaged Foods, LLC*